## SEIDENBERG v. DISTRICT OF COLUMBIA.

### No. 889.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 13, 1950.

Decided March 3, 1950.

Milton Kaplan, Washington, D. C., (appointed by this court), for appellant.[1]

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant was charged with operating an automobile on Brentwood Road, N. E., in excess of twenty-five miles per hour, which was the maximum there permitted. He was convicted and sentenced to pay a fine of $100 or serve thirty days in jail, and has brought this appeal.

His first contention is that the trial judge should have found that a reasonable doubt existed as to his guilt. The arresting officer testified that he had paced defendant for about two blocks at a speed varying from thirty-three to thirty-eight miles per hour. Despite this clear testimony on the basic issue, appellant argues that because the officer was unable to give unequivocal answers as to certain extraneous and collateral matters, his testimony was deficient and should not have been accepted as "free of reasonable doubt." But defendant himself testified that he had no reason to look at his speedometer and did not know how fast he was going. Under the circumstances we cannot say that the trial judge was wrong in making a finding of guilt.

The next error assigned is that the trial judge was biased against defendant as evidenced by three matters: (1) a remark made by the judge after he asked defendant whether he would be willing to attend traffic school, and defendant declined; (2) the "harsh" fine of $100, and (3) setting the appeal bond at $1000 (later reduced to $200).

As to all three of these matters, it should be noted again that they took place after trial and conviction and after the judge had examined defendant's traffic record, and that they could not have had anything to do with the trial of his case on the merits.

As to the fine imposed, "It may be" as counsel for the District say in their brief that it was "greater than that usually imposed under similar circumstances by this trial judge, or by other trial judges." But it is also true that in the discretion of the

1. On appellant's representation that he was unable to afford the expense of counsel, we previously appointed another attorney to represent him. That attorney later filed a motion for leave to withdraw for the reason, among others, that he had been unable to work out an arrangement for the reduction of the sentence.

judge a fine three times as great might have been imposed. Be that as it may, the fine was within the statutory limitation and we have no right to disturb it. Gaston v. United States, D.C.Mun.App., 34 A.2d 353.

The record is free of error.

Affirmed.