**TOBE DEUTSCHMANN CORP.**

v.

**UNITED AIRCRAFT PRODUCTS, Inc.**

United States District Court
S. D. New York.

Dec. 9, 1953.

Curran & Stim, New York City, for plaintiff.

Hays, Podell, Algase, Crum & Feuer, New York City, for defendant.

WEINFELD, District Judge.

Action against defendant for its alleged breach of an agreement to purchase certain machinery and equipment which also involved the transfer to the defendant of certain orders which plaintiff had on hand. Plaintiff alleges that although it obtained the necessary governmental approval for the sale, as required under the agreement, and in all other respects duly complied with its terms, the defendant failed to perform. The defendant has interposed a general denial, and, in addition, sets up affirmative defenses, one of which charges the plaintiff with false and fraudulent misrepresentations which it alleges induced the making of the agreement. The defendant also interposes a counterclaim based upon additional misrepresentations alleged to have been made subsequent to the agreement sued upon.

The present motion seeks an order directing the plaintiff through its officers and also a witness to answer certain questions, which they have heretofore refused to answer during the course of their examinations, and for the production of certain records, mainly on the ground that they are "incompetent, irrelevant and immaterial." The questions and records in large measure pertain to the defense and counterclaim. In the main, I find the objections without substance.

The deposition-discovery procedure is intended not only for the purpose of producing evidence to be used upon the trial, but also to secure leads that may lead to evidence relevant to the subject matter of the action and to enable adequate preparation for trial. "Relevant" as used in § 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not to be equated with "relevant" as ordinarily used in determining admissibility of evidence upon a trial.[1]

The following disposition is made of the various questions as set forth in Exhibit B, attached to the moving affidavit:

Questions (b), (c) and (d) are allowed. They clearly relate to subdivision (d) of the Fifth Defense. Questions under (a) are disallowed. In large measure they call for an expression of opinion, rather than a statement of fact, as to the financial condition of the plaintiff. However, questions which seek to elicit information leading to facts as to the financial condition of plaintiff will be permitted in view of the defense that plaintiff represented that its financial condition was sound.

Questions (e) to (g). Allowed; but are limited in scope to the knowledge of the plaintiff as to the charges allegedly made against it by the National Production Authority for alleged violation of its rules and regulations with respect to the alleged illegal purchase and sale of approximately 230,000 pounds of sheet steel early in 1951.

Question (h). Disallowed. The Department of Internal Revenue is not one of the agencies from which approval was required under the agreement. However, plaintiff may inquire as to the existence of tax liens filed by the United State Government.

Questions (i) and (j). These are allowed except as to the italicized question under (j) on page 8 of Exhibit B, which is disallowed. The questions go

---

1. Kaiser-Frazer Corp. v. Otis & Co., D.C., 11 F.R.D. 50, 53.

to due performance on the part of both plaintiff and defendant and are proper.

Question (k). Allowed only because the witness had already answered questions on the subject.

Questions (l), (m) and (n). Disallowed; except that plaintiff may propose questions to determine whether the names and adresses of all persons or firms with whom plaintiff had negotiations for the sale of the machinery have already been furnished in previous answers. The discussion and the terms of the proposed agreements with others than plaintiff is not relevant. The simple issue is whether or not negotiations were had with four other companies— that is the claimed representation.

With respect to the records and documents referred to in Exhibit C, the following disposition is made:

A: Granted; but limited to the balance sheets and financial statements showing plaintiff's financial condition for the period immediately preceding November 26, 1951, the date of the agreement.

B: Granted; but limited to the period immediately preceding November 26, 1951, the date of the agreement.

C: Granted; but limited to the period from January 1, 1951 to November 26, 1951, and also limited to the alleged illegal purchase and sale of steel, as referred to in Paragraph 17 of the answer.

D: Granted; The witness apparently refreshed his memory from this note.

E and F: Granted. There appears to be no real contention about these. Plaintiff states it will "produce any other pertinent records that may be found." It is required to produce all records it has with respect to Department 41.

G: Granted. The agreement specifically refers to a certification by plaintiff to the defendant that the equipment was reconditioned by plaintiff or its agents. The interpretation by defendant's counsel of "representatives of this company"

as referring to plaintiff is clearly inadvertent.

H. Granted. Plaintiff's counsel evidently agreed to produce these records; subsequently refused on the ground of irrelevancy. The allegation of the answer charging fraudulent concealment as to the cost of the machinery and equipment stands, no motion having been made to strike for insufficiency. In view of these circumstances, and it appearing that the records may be relevant to the subject matter of the defense and counterclaim, the production of the records is directed.

The motion for allowance of counsel fee under Rule 37(a) is denied.