**CAREY**

v.

**DISTRICT OF COLUMBIA.**

No. 1423.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 21, 1953.

Decided Jan. 22, 1954.

Octave Bigoness, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Harry L. Walker, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Only one question is presented by this appeal: whether peeping in the window of an occupied, lighted apartment at 1:30 in the

morning constitutes disorderly conduct within the meaning of the statute.[1]

The pertinent provisions of the Law Enforcement Act are as follows:

"Sec. 211. (a) Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby,—

"(1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others; * * *."

The information filed with the trial court alleged that " * * * Edward L. Carey * * * on the 9th day of October * * did then and there engage in disorderly conduct, to wit: was then and there a peeping Tom contrary to and in violation of an Act of Congress * * *." Trial was by the court, sitting without a jury, and defendant was found guilty of the offense charged.

■ Defendant contends that being a "Peeping Tom" is not an offense under the statute, and even if it were, the Government failed to prove the essential elements of that crime. But the information charged defendant with the offense of disorderly conduct; the words "Peeping Tom" only served to make more specific the offense charged.

It was shown at trial that defendant was observed looking in the window of a lighted apartment occupied by a young woman at 1:30 in the morning. The arresting officer testified that he saw defendant standing on the lawn outside the window, looking under the shade which was almost completely drawn.

■■ The word "disturb" is defined by Webster's New International Dictionary (2d Ed.) as: "To interfere with in the lawful enjoyment of a right." The same authority defines "offensive" as: "causing, or such as to cause, displeasure or resentment; insulting." While the statute in question is penal and must therefore be strictly construed, we feel that the defendant's conduct constituted disorderly conduct within the meaning of the statute and that it would be absurd to hold otherwise. Such conduct would tend not only to disturb and to be offensive, but would outrage the sense of decency of others. What action could be more disturbing, offensive, or insulting than to have a total stranger peeping into the window of one's lighted apartment, especially at 1:30 in the morning?

We find no error in the record.

Affirmed.

1. Code 1951, 22–1107, as amended by the District of Columbia Law Enforcement Act of 1953, Public Law No. 85, 83rd Cong., 1st Sess., approved June 29, 1953, 67 Stat. 90.