W. G. TYREE, Appellant,

v.

UNITED STATES, Appellee.

No. 2423.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 3, 1959.

Decided Nov. 19, 1959.

Rehearing Denied Dec. 1, 1959

James H. Myrick, Washington, D. C., with whom Dovey J. Roundtree, Washington, D. C., was on the brief, for appellant. Julius W. Robertson, Washington, D. C., also entered an appearance for appellant.

William Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief

Judge, Retired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

Appellant, an employer, was convicted by a jury of failing to secure the payment of compensation, as required under the District of Columbia Workmen's Compensation Act.[1] His principal contention on appeal is that the court erred in admitting in evidence two payroll books that had been "obtained and seized illegally from persons other than defendant without due process of law."

The record indicates that the books, voluntarily turned over to the government by appellant's former employees, were used as one link in the chain of evidence to prove that appellant was an employer during the period alleged in the information. One employee testified that appellant gave him one of these books to record a debt. Appellant now claims that a motion to suppress the books was made, but the record is not clear on this point. In the record brought here by appellant, there was only a partial stenographic transcript without a supporting statement of proceedings and evidence.

■ We have stated time and again that it is incumbent on the party seeking reversal to furnish us with a sufficient record to enable us to pass upon the errors of law alleged. From the sketchy record before us, we must hold that the government did not obtain the payroll books as the result of an illegal search or seizure. This being so, we know of no principle of law which would prevent the introduction of these books in evidence, however incriminating they might be.

Affirmed.

1. Code 1951, 36-501, incorporating by reference Title 33, United States Code, Section 938(a), which provides: "Any employer required to secure the payment of compensation under this chapter who fails to secure such compensation shall be guilty of a misdemeanor * * *."