**John I. BURROUGHS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 2598, 2599.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 8, 1960.

Decided Sept. 27, 1960.

him on the head with an iron pipe breaking his glasses, and took from him a billfold containing a sum of money. When he was hit, one of the men yoked him and said, "get his money." He recognized the voice as that of the appellant, whom he had known for 15 years. As a result of the blow he fell and while falling caught a glimpse of his assailant and recognized him as the appellant. There was a street light 200 feet away on the corner and another light across the street.

Appellant had recently worked for the complaining witness but had been discharged. He knew the witness carried large sums of money as a shop steward on a construction job and also knew that he sometimes paid the workmen on Saturday when they had not worked the previous Friday. The witness further testified that when he recovered from the blow he immediately went to the appellant's home (in the vicinity of the occurrence) before he complained to the police. He went to the home because he was positive it was appellant who assaulted him and he wanted to talk to him about the matter.

Bernard W. Kemp, Washington, D. C., for appellant.

C. Thomas McCally, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Harry T. Alexander, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

ROVER, Chief Judge.

Appellant was convicted by a jury of assault and petit larceny. He maintains on appeal that the evidence was insufficient to justify the verdict.

The complaining witness testified that about 5:30 a. m. on Saturday, November 28, 1959, while walking in the 1500 block of Third Street, N. W., appellant and an unidentified companion jumped from behind a tree where they had been hiding, struck

At the close of the Government's case counsel for appellant called the arresting officer as the first witness, who corroborated some of the facts that had been testified to by the complaining witness. Appellant in his own behalf testified that he was home in bed at the time the offenses were allegedly committed and denied any participation in them. He admitted that the complaining witness had recently discharged him from a construction job on which the witness had been shop steward and that he knew the witness carried large sums of money. Counsel for appellant then produced five witnesses, consisting of appellant's mother, brother and three friends. Their testimony was to the effect that appellant was home at the time the alleged offenses were committed.

The main thrust of counsel's argument is that the jury should have believed

the testimony of appellant and his alibi witnesses and not that of the complaining witness. The jury was the sole judge of the credibility of the witnesses. There was ample evidence to convict if it believed the complaining witness. As we said in Cohen v. United States, D.C.Mun.App., 63 A.2d 854, 855: "The sum and substance of appellant's argument is that the trial court should not have believed the testimony of the prosecuting witness and should have believed the testimony offered by appellant. This Court has no authority to pass upon such an assignment of error."

Affirmed.