Michael L. STOVALL, Appellant,

v.

UNITED STATES, Appellee.

Michael L. STOVALL, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3493–3494.

District of Columbia Court of Appeals.

Argued June 22, 1964.

Decided July 17, 1964.

Theodore Prahinski, Washington, D. C., for appellant.

Robert D. Devlin, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and David W. Miller, Asst. U. S. Attys., were on the brief, for the United States.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee District of Columbia.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Two appeals are before us, one from a conviction on a charge of disorderly conduct and one from a conviction of carrying a dangerous weapon. They will be considered separately.

*The Disorderly Conduct Charge.*

As to this conviction the principal errors assigned are that the evidence did not sup-

port the charge and that the sentence imposed was excessive.

■ The Government presented a police officer who testified that from his scout car one night he saw defendant on a public street striking a woman in the back of the head and kicking her; that when the officer stopped them, the woman identified herself as defendant's wife, and then the officer drove away; the officer circled the block and returned, and again saw defendant "hitting her and shoving her and that is when I arrested him for disorderly conduct." Defendant and his wife testified that he had not struck her, that they were merely having a family argument and that she had pulled at his coat in an effort to get him to go home. We are asked to rule that the testimony for the Government did not establish a case of disorderly conduct. The contention is that "marital squabbles can only become crime if an assault is involved or if it occurs under such circumstances that it might cause a breach of peace." One answer is that the officer's testimony showed a series of two assaults (though assault was not charged). Another answer is that under our disorderly conduct statute,[1] proof of breach of peace is not required. See Scott v. District of Columbia, D.C.Mun.App., 184 A.2d 849 (1962); Carey v. District of Columbia, D.C.Mun.App., 102 A.2d 314 (1954); Morris v. District of Columbia, D.C.Mun.App., 31 A.2d 652 (1943).

■ The trial court imposed a sentence of ninety days, and it is argued that this was excessive, arbitrary and capricious. The argument cannot be sustained. The sentence imposed was within the limits prescribed by the statute and is not subject to review or control by this court. Gaston v. United States, D.C.Mun.App., 34 A.2d 353 (1943), affirmed 79 U.S.App.D.C. 37, 143 F.2d 10; Bohannon v. District of Columbia, D.C.Mun.App., 99 A.2d 647 (1953).

1. 22 D.C. Code § 1121 (1961).

*The Dangerous Weapon Charge.*

After the arrest the officer searched appellant and found on his person a .25 caliber automatic pistol loaded with six rounds of live ammunition. It was established that he had no license to carry it. Charged with carrying a dangerous weapon, 22 D.C.Code § 3204 (1961), appellant filed a motion to suppress on the ground that the police officer had no right to arrest because no misdemeanor was committed in his presence and hence the search and the seizure of the gun were unlawful. When the matter came on for hearing defense counsel stated that it was being directed to both the dangerous weapon charge and the disorderly charge, and the trial court stated that it would try the disorderly charge first, and such was done.

■ Appellant's present attorney (who did not appear for him at the trial) argues that the defense had a right to proceed on the motion to suppress before the disorderly conduct charge was heard. He cites rules of the trial court[2] dealing with the manner and time of presenting pre-trial motions. But we find nothing in those rules to indicate that the motion to suppress should have been heard ahead of the disorderly conduct charge. On the contrary it seems clear that the trial judge adopted a sensible and practical sequence of procedure. Since the claim was being made that the arrest was invalid, it was logical to first hear evidence on the charge which led to the arrest.

Appellant makes other claims of error relating to the conduct of the hearing. These are not supported by the record or are without legal substance. Finding no error, we order that the judgments of conviction be

Affirmed.

2. G.S. Criminal Rules 10(b) (4), and 28.