Eddie HAYNES, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3491, 3492.

District of Columbia Court of Appeals.

Argued June 22, 1964.

Decided July 31, 1964.

Thurman L. Dodson, Washington, D. C., with whom H. Carl Moultrie, Washington, D. C., was on the brief, for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge.

Haynes appeals from judgments of guilty on charges of indecent exposure and of making an indecent sexual proposal.[1]

He contends that the testimony of the complaining witness as to the substance of the charges against him was insufficient to sustain these convictions, relying primarily upon Kelly v. United States, 90 U.S.App.D. C. 125, 194 F.2d 150 (1952), which reversed a conviction for a verbal invitation to commit an indecent act based upon the uncorroborated word of the arresting officer. The court held that testimony of a single witness in such instances should be received and considered with great caution. Subsequently we ruled that when the charge involves a verbal sexual offense or homosexual conduct, the government, because of the clandestine and surreptitious nature of such offenses, is not required to produce a witness to every facet of complainant's testimony as corroboration can consist of circumstantial evidence as to the time, place and other provable facts surrounding the offense. See Goodsaid v. District of Columbia, D.C. App., 187 A.2d 486, 487 (1963) ; McGhee v. District of Columbia, D.C.Mun.App., 137 A.2d 721, 722 (1958).

■ Here the record discloses there was ample circumstantial evidence by other witnesses to substantiate the testimony of the prosecutrix in all respects, except as to the improper exhibition and the actual words used by appellant in making the indecent sexual proposal.

■ Appellant also urges that the trial judge should have believed the testimony of his alibi and reputation witnesses to the exclusion of the government's witnesses. That the trial judge chose to believe the complainant and her witnesses rather than appellant and those who testified for him furnishes no basis for reversal.[2] While reputation evidence alone can create a reasonable doubt, it does not bind the trier of facts unless it does produce such doubt in his mind. Konvalinka v. United States, D.C.Mun.App., 162 A.2d 778, 782 (1960), aff'd 109 U.S.App.D.C. 307, 287 F.2d 346. The credibility of witnesses is a matter for determination by the trial judge who has the opportunity to observe and appraise them as they testify at trial, and we will not disturb his conclusions in this area absent manifest error.

■■ Appellant further charges that the trial judge should have disqualified himself under Rule 66 of the Civil Rules of the District of Columbia Court of General Sessions[3] because of his bias and prejudice "toward him as a person of color in a situation where the complaining witness is a Caucasian female." Although appellant filed a seasonable affidavit of prejudice, he set forth therein only broad generalities and conclusions, wholly omitting to state "the facts and the reasons for the belief that bias or prejudice exists." There were no allegations concerning specific facts as to time, place and instances of judicial conduct manifesting such personal prejudice of the trial judge toward appellant which might have

---

1. 22 D.C.Code § 1112 (1961).

2. Jackson v. District of Columbia, D.C. App., 200 A.2d 199 (1964).

3. GS Rule 66 is made applicable to practice before the Criminal Division of the Court by Criminal Rule 36.

impaired the impartiality of his judgment.[4] The affidavit, therefore, lacked legal sufficiency. We find no error in the refusal of the trial judge to disqualify himself under the circumstances.

Other alleged errors have been considered and we find them without merit.

The judgments of convictions are

Affirmed.

---

4. Berger v. United States, 255 U.S. 22, 34, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Hurd v. Letts, 80 U.S.App.D.C. 233, 234, 152 F.2d 121, 122 (1945); Willenbring v. United States, 306 F.2d 944, 946 (9th Cir. 1962).