Franklin Roosevelt GILLARD, Appellant,

v.

UNITED STATES Appellee.

No. 3501.

District of Columbia Court of Appeals.

Argued June 29, 1964.

Decided July 31, 1964.

Andrew P. Zimmer, Washington, D. C., for appellant.

Alan Kay, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and David W. Miller, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction of carrying a pistol without a license in violation of Code 1961, § 22–3204.

Trial was commenced on January 21, 1964, and the next day the jury returned a verdict of guilty. The court directed that a presentence report be made by the Probation Department and sentencing was set for February 27, 1964.[1] On that day appellant was present in court with his court-appointed attorney. He was given an opportunity to speak and counsel stated facts in mitigation. The probation report indicated that appellant had been charged as a juvenile with assault with intent to rob and had admitted committing the offense. From a social standpoint the report evaluated appellant as "a very grave danger to the public." Thereafter the court imposed a sentence of 360 days.

Appellant's contentions are that sentencing was unreasonably delayed because the court desired to impose sentence on several "weapons" offenders at the same time; that the probation report was incomplete and inaccurate; and that the sentence was excessive. The first two contentions cannot be reviewed because they are based on facts and allegations not contained in the record. Baer v. District of Columbia, D.C.Mun.App., 182 A.2d 839 (1962); Tyree v. United States, D.C.Mun.App., 155 A.2d 914 (1959). The last contention is without merit for the applicable penalty was "a fine of not more than $1,000 or imprisonment for not more than one year, or both." Code 1961, § 22–3215. Since the sentence im-posed was legally permissible, it is not subject to review or control by this court. Stovall v. United States, D.C.App., 202 A.2d 390 (1964).

Affirmed.

---

1. During the interim period appellant was released on bail.