**918**

Harry E. COLEMAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3531.

District of Columbia Court of Appeals.

Argued Sept. 28, 1964.

Decided Oct. 14, 1964.

James S. Brocard, Washington, D. C., for appellant.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

Following his conviction for intoxication upon a public street, appellant was given a sentence of $100 or 30 days. 25 D.C.Code, § 128(b).[1]

Appellant complains that the trial judge erred in imposing a fine greater than the collateral of $10 that he was required to post and hence violated his constitutional rights under the Fifth and Eighth Amendments. He argues that the amount of the

---

1. 25 D.C.Code, § 128(b) permits punishment for conviction of the offense here involved "by a fine of not more than $100 or by imprisonment for not more than ninety days, or both."

fine should have been limited to the collateral fixed to assure his attendance at trial.

Appellant concedes that the sentence he received was within the authority of the statute under which he was tried and convicted. He insists, however, that the effect of the sentence was to penalize him for his election to stand trial rather than to forfeit the collateral.

■■■ The Bond and Collateral List as approved by the trial court [2] is not a substitute for the penalty provision in the statute covering intoxication in public and does not modify or alter it. The purpose of such schedule is to secure the appearance for trial, or for further hearing, of persons charged with offenses under the jurisdiction of the trial court. In certain cases, like the present one, an offender is given the privilege, at the time he posts collateral as security, of forfeiting it instead of going to trial. This is not an absolute right, as the government is authorized to petition the court to abrogate the forfeiture privilege of the violator at the time of application for a warrant. Having elected to stand trial instead of forfeiting collateral, appellant cannot now complain, upon his conviction of the offense charged, for which he claims no error here, that the fine imposed by the trial judge as provided by statute was greater than the collateral he would have forfeited without trial.

■■■ Equally without merit is the claim that the sentence, being excessive, constituted cruel and inhuman punishment proscribed by the Constitution. It is within the discretion of the trial judge to impose a fine according to the facts of each case, based in part upon the violator's prior record, if any. The amount may be greater or less than the collateral posted at the time of arrest. We are not empowered to substitute our own views on what might be an appropriate penalty if it is within the statutory limitation. Stovall v. United States, D.C.App., 202 A.2d 390, 391 (1964); Seidenberg v. District of Columbia, D.C.Mun. App., 71 A.2d 607 (1950).

Affirmed.

---

2. 11 D.C.Code, § 748a; 23 D.C.Code, § 106; Rule 5, sub-section I, paragraphs 21 and 22, and Rule 27(A) (1) regulating practice before the Criminal Division of the District of Columbia Court of General Sessions.