183 So.2d 27 (1966)
Andrew BUSBEE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. G-310.
District Court of Appeal of Florida. First District.
February 3, 1966.
Rehearing Denied March 2, 1966.
*28 George G. Phillips, Pensacola, for appellant.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
Defendant Busbee appeals a judgment of conviction for the offense of manslaughter by operation of a motor vehicle while intoxicated.
On February 23, 1963, at 5:30 a.m. a newspaper boy while riding a bicycle on Barrancas Avenue in Warrington was struck by a motor vehicle. The boy later died. There was evidence that Busbee had been drinking beer and mixed drinks all night; that he arrived at the Coral Club at 3:00 a.m. driving a light colored Falcon truck; that he left the club about 4:40 a.m.; and that witnesses who saw him in the club described him as "drunk". The broken radio antenna found under the boy's body, paint scrapings, and dent marks positively identified the vehicle involved as Busbee's Falcon truck.
Based on these facts, Busbee was informed against in the Circuit Court for the offenses of hit and run and manslaughter by operation of a motor vehicle while intoxicated. The misdemeanor was transferred to the County Judge's Court where it was tried and Busbee was acquitted. Busbee then moved to quash the manslaughter charge on the grounds of res judicata on the premise that the jury in the misdemeanor case apparently found that he was not driving the Falcon when it hit the boy. The motion was denied and Busbee was convicted of manslaughter.
Several questions are raised on this appeal but the only one meriting our attention is: Does an acquittal of the offense of hit and run constitute an estoppel under the doctrine of res judicata to a later prosecution for the offense of manslaughter by operation of a motor vehicle while intoxicated? The trial judge answered this question in the negative and we affirm.
The parties have cited no Florida cases directly in point and our research has failed to reveal any. Under general authority[1] *29 the doctrine of res judicata is just as applicable to judgments in criminal prosecutions as to those in civil cases, so under proper circumstances, facts and matters directly determined by a criminal court of competent jurisdiction cannot afterwards be disputed between the same parties.
However, the effect of an acquittal or conviction as a bar to a later prosecution for an offense substantially the same as the former and rising out of the same occurrence, is usually controlled by the doctrine of former jeopardy so that the doctrine of res judicata is often lost in the broader doctrine. The two doctrines have been distinguished by the Georgia Supreme Court in Harris v. State[2] which held that in order to sustain a plea of former jeopardy, it is incumbent upon the defendant to plead and prove that the transactions are the same as a matter of fact and the offenses are identical in law. However, where the transactions giving rise to the two crimes are the same as a matter of fact, even though the offenses are not identical as a matter of law, a defendant may under the principle of res judicata, which is included in a plea under the broader doctrine of former jeopardy, show that the acquittal on the first charge was necessarily controlled by the determination of a particular issue or issues of fact which would preclude his conviction of the second charge.
The Harris case represents the majority view which is apparently the underlying principle followed by the Florida Supreme Court in State v. Bacom.[3] Bacom had pleaded guilty and was sentenced under an information charging him with reckless driving of an automobile (Section 317.21, F.S.A.) and operating a motor vehicle while under the influence of intoxicating liquor (Section 317.20, F.S.A.). Thereafter he was charged with manslaughter (under Section 782.07, F.S.A. as distinguished from Section 860.01, F.S.A.) and he defended with the plea of autrefois convict. The trial court upheld the plea and quashed the information. The Supreme Court reversed, holding:[4]
"The general rule appears to be that a prosecution for violation of a motor vehicle act or code will not operate as a bar to a subsequent prosecution for manslaughter. The rule is stated in 22 C.J.S., Criminal Law, § 295-b, page 444, as follows: `A prosecution for a violation of a motor vehicle act or code has been held not to bar a prosecution for manslaughter. Thus a failure of a motorist to stop, give his name, and render assistance after an accident is not included within or related to the crime of manslaughter, and prosecution for both offenses do not constitute double jeopardy; and such rule applies to driving in a careless and reckless manner while intoxicated and manslaughter; driving a motor vehicle while intoxicated and manslaughter; and failure to report the details of an accident immediately and manslaughter.'
* * * * * *
"The offense of reckless driving and the offense of manslaughter, even though they may stem from the same occurrence, are not the same, either in law or in fact; nor is the one a lesser degree of the other."
The plea in the case sub judice is res judicata and not former jeopardy. The misdemeanor, hit and run, is a separate and distinct offense from manslaughter by intoxication, although the two stem from *30 the same factual occurrence. Busbee had the burden of proving that the acquittal in the hit and run case adjudicated for all times a particular issue or a particular fact which would preclude his conviction in the manslaughter case. Mere allegations of acquittal of the misdemeanor are not sufficient to bar the prosecution for manslaughter, for that acquittal may have been based upon a jury finding that the driver did stop to render aid or upon an absence of some other element essential to a conviction for hit and run but not an element necessary for a conviction of manslaughter.
Affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.
NOTES
[1] 21 Am.Jur.2d, Criminal Law § 217; 9 Fla.Jur., Criminal Law § 198; and 147 A.L.R. 991.
[2] Harris v. State, 193 Ga. 109, 17 S.E.2d 573, 147 A.L.R. 980 (1941).
[3] State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050 (1947); Bacom v. State, 39 So.2d 794 (Fla. 1949), cert. denied 338 U.S. 835, 70 S.Ct. 41, 94 L.Ed. 510.
[4] Ibid, 30 So.2d at 746.