Thomas S. DAWSON, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3851, 3852.

District of Columbia Court of Appeals.

Argued Feb. 21, 1966.

Decided March 24, 1966.

———◆———

O. B. Parker, Washington, D. C., with whom William A. Bachrach, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge and CAYTON (Chief Judge, Retired).

PER CURIAM:

■ In this appeal from convictions on charges of colliding and driving on the wrong side of the street, the first contention is that defendant was entitled to an acquittal for want of sufficient evidence. As to this there is no need to recite the testimony of two police officers and that of the complaining witness and the appellant. It is enough to state that from the evidence as a whole the trial judge was entitled to believe and find that appellant did in fact drive on the wrong side of the road and strike another automobile which was at a standstill.

■ Appellant also argues that the sentence of ten days in jail was excessive and amounted to "cruel and inhuman punishment." It is clear that the sentence imposed was not beyond that authorized by statute or regulation. Harsh though the sentence may seem, we have no authority to reduce or vacate it. Stovall v. United States, D.C.App., 202 A.2d 390; Gillard v. United States, D.C.App., 202 A.2d 776.

Another claim of error is that the trial court did not allow appellant's counsel to participate in the settlement of the statement of proceedings. As developed in appellant's brief and in the course of oral argument, it seems that counsel was in fact present when the statement of proceedings was being discussed and prepared, and did in fact participate in the discussion. It does not appear that his views or representations were disregarded, or that he was denied an opportunity to be heard before the statement was prepared and approved.

Affirmed.