James F. SWAILES, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3835, 3836.

District of Columbia Court of Appeals.

Argued Feb. 14, 1966.

Decided April 28, 1966.

Thomas M. O'Malley, Washington, D. C., with whom Michael F. X. Dolan, Washington, D. C., was on the brief, for appellant.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

1. D.C.Code, 1961, Sec. 40-609(b).

2. D.C.Code, 1961, Sec. 40-605(b).

3. D.C.Code, 1961, Sec. 40-605(a); Traffic and Motor Vehicle Regulations, Part I, Article VI, Sec. 22(a).

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge.

Appellant was tried by a jury on charges of operating a motor vehicle while under the influence of intoxicating liquor [1] and of reckless driving.[2] Concurrently he was tried by the court on charges of driving his car at an unreasonable speed [3] and of changing lanes without caution.[4] These charges were the result of appellant's arrest by two officers of the Metropolitan Police Department who had observed him operating his automobile on Sherman Avenue, N. W., on the evening of March 6, 1965. The jury found appellant not guilty of the two charges before them, while the trial judge found him guilty of the charges of unreasonable speed and of changing lanes without caution. Concurrent sentences, respectively, of 60 days in jail and of $10 or two days were imposed. These appeals ensued.

Appellant argues that the two misdemeanors of which he was found guilty by the court were lesser offenses included in the charge of reckless driving of which he was acquitted by the jury and that his convictions violated his safeguard against double jeopardy guaranteed by the Fifth Amendment to the Constitution of the United States. It is well settled that the case in which an accused may successfully plead former jeopardy must be identical in law and in fact with a former case in which he was put in jeopardy; or where one offense is alleged to be a lesser offense included as part of another, the evidence required to prove both is the same. Davenport v. District of Columbia, D.C.

4. Traffic and Motor Vehicle Regulations of the District of Columbia, Part I, Article VII, Sec. 32(a).

Mun.App., 61 A.2d 486, 490 (1948). This principle does not mean that only one offense and one charge can arise from a single set of facts. Randolph v. District of Columbia, D.C.Mun.App., 156 A.2d 686, 687 (1959).

■ It is manifest that unreasonable speed and changing lanes without caution are not essential elements of reckless driving but are distinct and separate offenses, and the same evidence is not required to prove the two charges. To sustain the charge of reckless driving, the government must show that appellant operated his automobile in a careless manner, with heedless disregard of the consequences; to prove the charges of unreasonable speed and of changing lanes without caution, it is necessary to establish that appellant exceeded the posted speed limit or was driving at a speed not commensurate with the exercise of proper care at the time and under the circumstances then existing and that he failed to ascertain whether he could move to another traffic lane with safety. Excessive speed and violation of a traffic regulation do not *per se* constitute reckless driving, for it is possible to drive well within the prescribed speed limit and still be a menace to the safety of others.[5] In our opinion acquittal by the jury of the charge of reckless driving did not preclude a finding of guilty by the court on the charges of unreasonable speed and of changing lanes without caution.[6] We find no valid basis for appellant's claim of double jeopardy.

■ Appellant also contends there was insufficient competent evidence upon which to base his convictions. He charges that the testimony by the two arresting officers was conflicting and did not meet the requirement of proof beyond a reasonable doubt. The record does not support this contention. The differences in their testimony were insubstantial and imma-

terial. That the trial judge chose to believe the statements of the police officers rather than the denials of appellant with reference to the charges of unreasonable speed and of changing lanes without caution does not compel reversal, for the record contains substantial evidence to support the convictions. Haynes v. District of Columbia, D.C.App., 202 A.2d 919 (1964); Burroughs v. United States, D.C. Mun.App., 163 A.2d 830 (1960). As trier of fact, his conclusions will not be disturbed on appeal unless clearly erroneous. Although the jury found appellant not guilty of the two charges tried by them, a like determination by the trial judge of the factual issues surrounding the two other offenses was not required.

■ Appellant alleges error in the court's refusal to issue a subpoena *duces tecum* for the production of certain testimony taken at a hearing before the Department of Motor Vehicles relating to the same offenses for which he was on trial. Appellant's asserted purpose in requesting the subpoena was to impeach the testimony at trial of one of the arresting police officers denying he had earlier stated that, from his observation of appellant's eyes at the time of his arrest, he had concluded appellant was under the influence of alcohol. The court rejected appellant's request on the ground that the testimony was merely cumulative since there was other evidence upon which the officer could have concluded appellant was intoxicated. A request for the issuance of a subpoena *duces tecum* is directed to the court's discretion. United States v. Carter, 15 F.R. D. 363 (D.C.D.C.1954). Such a subpoena may be used during the course of a trial to obtain testimony to discredit an adverse witness, but before the court will invoke its discretion and direct the issuance of such a subpoena, a foundation for the introduction of impeachment evidence must be laid. This requires that the attention

5. Wharton, Criminal Law and Procedure, Secs. 1000–1001 (1957).

6. Compare Busbee v. State, 183 So.2d 27 (Fla.App.1966).

of the witness be directed to the time, place and circumstances when the statements were supposed to have been made so that the witness can deny or explain them. Gordon v. United States, 53 App.D.C. 154, 289 F. 552 (1923). Here the record indicates that counsel for appellant failed to lay the requisite foundation and show the necessity for the issuance of the subpoena. We rule the court did not abuse its discretion in refusing to issue the subpoena.

 Finally, appellant argues that the sentences imposed by the trial judge were motivated by bias and prejudice and should be vacated. The probation officer's report to the trial judge, which detailed appellant's prior traffic record, contained the comment that " * * * this man having been under the influence of liquor when this offense took place (however, he was found not guilty of Driving While Drunk), it would appear that [he] has forfeited all right to further consideration with respect to probation * * *." Appellant asserts that this recommendation so prejudiced the sentencing judge that in effect he was sentenced for driving while under the influence of intoxicating liquor. There is nothing in the record to support such a charge. Without proof, we have no right to speculate that the trial judge was biased or prejudiced in imposing sentences. The sentences were within the limit prescribed by the applicable statute or regulation [7] and are not subject to review or control by this court. Stovall v. United States, D.C.App., 202 A.2d 390 (1964). See also Gillard v. United States, D.C.App., 202 A. 2d 776 (1964); Seidenberg v. District of Columbia, D.C.Mun.App., 71 A.2d 607 (1950); Dawson v. District of Columbia, D.C.App., 217 A.2d 664 (1966).

Affirmed.

HOOD, Chief Judge (dissenting).

This case has one feature which disturbs me. As shown by the majority opinion, appellant was found not guilty on charges of driving while under the influence of intoxicating liquor and reckless driving. After that acquittal the trial court found appellant guilty of charges of unreasonable speed and changing lanes without caution, and ordered a probation report before sentencing.

The probation report submitted to the court included a rather lengthy record of prior traffic convictions and a personal history of appellant, showing that he is forty-one years of age, is married, and is living with his wife and three children, who are attending school. Other matter contained in the report was, in my opinion, highly improper and prejudicial to appellant.

The report, under the heading of statement of facts, contained a report made by a police officer on the date appellant was arrested. This report stated the following:

The defendant was asked to get out of the car. When doing so, he was unsteady on his feet and had a strong odor of alcohol on his breath. The defendant was then transported to the 10th. Precinct and was charged with Unreasonable Speed, Changing Lanes Without Caution, Reckless Driving, Driving While Drunk. The defendant was asked if he wanted to give urine specimen and he said yes. While in the men's room, he tried to put fresh water into the bottle instead of his urine. So after that, he would not give any specimen.

The probation report concluded with the following:

This defendant was brought in today for personal interview. As a result of interview and review of the entire situation, this man having been under the influence of liquor when this offense took place (however, he was found not

7. D.C.Code, 1961, Sec. 40–605(d); Traffic and Motor Vehicle Regulations of the District of Columbia, Part I, Article XX, Sec. 158.

guilty of Driving While Drunk), it would appear that this man has forfeited all right to further consideration with respect to probation in this case.

It further appears that he has reached the point where he must realize the hard way that his rights stop precisely where others' begin. He is a menace on the highway.

Probation is not recommended.

It appears very plain to me that the probation report in effect stated that although the jury had acquitted appellant of the charge of driving while under the influence of liquor, he was in fact guilty of that offense and should be so considered. This was highly improper. The charge of driving under the influence had been disposed of by the jury, and it was then not the subject of consideration by either the court or the Probation Officer.

The probation report brought to the attention of the court that appellant had refused to submit to a urine test, but our statute, D.C.Code 1961, § 40–609a, authorizing such tests, specifically provides that no one is required to submit to such test. We have held that refusal to submit cannot be used against the defendant, Stuart v. District of Columbia, D.C.Mun.App., 157 A.2d 294 (1960); but it was used here by the Probation Officer to bolster his conclusion that appellant was a "menace on the highway," and must learn "the hard way" where his rights stop and the rights of others begin.

The majority opinion says it would be speculation to assume that the probation report improperly influenced the court in imposing sentence, but two facts stand out very plain. First, the court imposed a sentence of sixty days in jail on the charge of unreasonable speed, and it seems to me that this is an unusually severe sentence for such offense when it is remembered that the jury had acquitted appellant of the charge of reckless driving. Second, the trial court *on its own motion* designated

as a part of the record in this case the informations charging driving while under the influence of intoxicating liquor and reckless driving, and the probation report. If the charges of which appellant was acquitted and the contents of the probation report did not influence the court in imposing sentence, why did the court include them in the record?

I would reverse the convictions and order a new trial before another Judge.