David A. SMITH et al., Appellants,

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 3815–3824.

District of Columbia Court of Appeals.

Argued March 14, 1966.

Decided June 1, 1966.

Rehearing Denied June 16, 1966.

Frank D. Reeves, Washington, D. C., with whom Herbert O. Reid, Sr., Washington, D. C., was on the brief, for appellants.

Richard W. Barton, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellants were among a group of persons placed under arrest at the United States Capitol on March 15, 1965, after participating in a demonstration outside the office of the Speaker of the House of Representatives. They were charged in informations filed by the United States Attorney with unlawful entry in violation of D.C.Code, 1961, § 22–3102.[1] Prior to trial the United States Attorney nol-prossed these charges and filed new informations citing appellants for disorderly conduct in violation of D.C.Code, 1961, § 22–1121.[2]

Appellants moved to dismiss on the ground that the United States Attorney in the name of the United States was not the proper party to file and prosecute charges of disorderly conduct which they alleged had to be prosecuted by the Corporation Counsel on behalf of the District of Columbia. The trial judge postponed ruling on this motion and, at the request of the United States Attorney for opportunity to confer with the Corporation Counsel, ordered a recess. When the proceedings were resumed, the United States Attorney informed the court that the informations charging disorderly conduct and filed in the name of the United States had been nol-prossed and new ones, charging the same offense, had been filed by the Corporation Counsel on behalf of the District of Columbia. Appellants were then arraigned and their cases set for trial on the next day. Their motions to dismiss the new informations were denied. The cases were heard by the trial judge, sitting without a jury, and appellants were found guilty. Sentences of a fine of $50 each or, in lieu thereof, ten days in jail were imposed. These appeals followed.

1. § 22–3102. "Any person who, without lawful authority, shall enter * * * any public or private dwelling, building or other property * * * against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on * * * demand * * * shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the jail for not more than six months, or both, in the discretion of the court."

2. § 22–1121. "Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—
(1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others; * * *
shall be fined not more than $250 or imprisoned not more than ninety days, or both."

Appellants charge that the actions of the government in the entire proceedings up to their trials, convictions and sentences did not accord them due process and violated principles of fundamental fairness and approved concepts of justice. We find no support in the record for such allegations.

■ In support of their position, appellants contend that the trial judge failed to observe limitations imposed by Rule 48 (a) of the Federal Rules of Criminal Procedure upon the United States Attorney in his entry of the nolle prosequis. Traditionally the prosecuting attorney has had the power to enter a nolle prosequi in a criminal charge at any time after the filing of an information and before trial without the approval of the trial judge or the consent of the accused. As we pointed out in District of Columbia v. Weams, D.C.App., 208 A.2d 617 (1965), the prosecution of criminal offenses was within the absolute control of the prosecuting attorney and it was solely within his province to decide whether to dismiss or to prosecute a criminal offense to its conclusion. His right to enter a nolle prosequi was subject to interference by the court only if that right were used oppressively or arbitrarily or exercised in a manner that was scandalous, corrupt, capricious, or vexatiously repetitious. In federal courts the common law rule of absolute authority has been qualified by adoption of Rule 48(a) of the Federal Rules of Criminal Procedure which requires that leave of court be first obtained before the prosecuting officer may enter a nolle prosequi. This federal rule is, however, not applicable in the Criminal Division of the District of Columbia Court of General Sessions and its counterpart has not been adopted there. We are therefore guided by the dictates of the common law rule which confers not absolute power upon the prosecutor to nol-pros informations in criminal trials in the Court of General Sessions but "almost absolute" power, subject only to judicial restraint if that right is arbitrarily or oppressively used. In the present case there is no evidence that the nolle prosequi of the informations charging disorderly conduct was either arbitrary or oppressive to appellants. No undue delay was caused in the trials and no prejudice to the rights of appellants to fair and speedy dispositions of the charges against them resulted. Certainly there is nothing corrupt or vexatious in the dismissal of the more serious offense of unlawful entry and the substitution of the less serious offense of disorderly conduct.

■ Appellants next contend that the trial judge lacked jurisdiction to try them on charges of disorderly conduct prosecuted by the Corporation Counsel. They argue that as this offense is punishable by fine or imprisonment, or *both,* under § 23–101[3] of the District of Columbia Code, 1961, prosecution must be conducted by the United States Attorney. They rely on District of Columbia v. Moody, 113 U.S.App.D.C. 67, 304 F.2d 943 (1962), in which it was held that by reason of § 23–101 prosecution of the offense of destroying private porperty should have been conducted by the United States Attorney because it was a crime punishable by a fine of $100 or by imprisonment not to exceed six months, *or both.* While the informations in the present case charge an offense punishable by a fine or by imprisonment, or both, § 22–109, D.C. Code, 1961, specifically provides that all prosecutions for violations of § 22–1121 shall be conducted in the name of and for the benefit of the District of Columbia in the same manner as provided by law for

---

3. § 23–101. "Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the corporation counsel or his assistants. All other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants."

the prosecution of offenses against the laws and ordinances of the District of Columbia.[4] Thus the *Moody* decision has no application here, and we hold the charges of disorderly conduct were properly prosecuted by the Corporation Counsel.

■ Appellants also complain there was something prejudicial or unjust toward them in that other persons, arrested at the same time and charged with the same offense, upon their election to forfeit the posted collateral of $10 had been required to pay only that amount while appellants, following conviction after trial, were given sentences of $50 each or ten days in jail. Appellants apparently overlook that they, too, had the right to post and forfeit collateral. Having chosen instead to stand trial, they are hardly in position to complain when, after conviction, the trial judge, as he had a right to do, imposed fines larger than the amount posted for collateral but well within the statutory limitation. Coleman v. District of Columbia, D.C.App., 203 A.2d 918 (1964).

■ Appellants also attack the informations on the ground of duplicity and allege they were therefore fatally defective. The informations charge that appellants

"in a public place, to wit: U.S. Capitol Building did then and there engage in disorderly conduct, to wit: did engage in loud and boisterous talking and other disorderly conduct, to wit: under circumstances such that a breach of the peace may be occasioned thereby, acted in such manner as to annoy, disturb, interfere with, obstruct and be offensive to others."

Appellants argue that the informations charged them with disorderly conduct under § 22–1107,[5] a distinct and separate offense from that proscribed by § 22–1121. We do not agree. The unambiguous language of the informations clearly discloses that the only substantive offense with which appellants were charged was that prohibited by § 22–1121.

■ Appellants further urge reversal because the evidence allegedly did not support their convictions. An examination of the record refutes that contention. Appellants entered the United States Capitol to present a petition to the Speaker of the House. After doing so, they assembled in a small alcove off the corridor leading to

4. See United States v. Strothers, 97 U.S. App.D.C. 63, 66, 228 F.2d 34, 37 (1955), wherein the court held that prosecution of the offense of solicitation for prostitution, for which the penalty was a fine or imprisonment, *or both*, must, under § 23–101, D.C.Code, 1961, be by the United States Attorney. On the other hand, the opinion pointed out that had specific authorization been given by Congress to the Corporation Counsel he could have properly conducted the prosecution. In the present case, the unequivocal language of § 22–109 gives specific authority to the Corporation Counsel to conduct the prosecution of the offense of disorderly conduct under § 22–1121 in the name of the District of Columbia. The legislative history of §§ 22–109 and 22–1121, parts of an Act of Congress adopted June 29, 1953, 67 Stat. 93, 98, Chapter 159, emphasizes this intent. See H.R.Rep. 514, 83rd Cong., 1st Session (1953).

5. § 22–1107. "It shall not be lawful for any person or persons within the District of Columbia to congregate and assemble in any street, avenue, alley, road, or highway, or in or around any public building or inclosure, or any park or reservation, or at the entrance of any private building or inclosure, and engage in loud and boisterous talking or other disorderly conduct, or to insult or make rude or obscene gestures or comments or observations on persons passing by, or in their hearing, or to crowd, obstruct, or incommode, the free use of any such street, avenue, alley, road, highway, or any of the foot pavements thereof, or the free entrance into any public or private building or inclosure; it shall not be lawful for any person or persons to curse, swear, or make use of any profane language or indecent or obscene words, or engage in any disorderly conduct in any street, avenue, alley, road, highway public park or inclosure, public building, church, or assembly room, or in any other public place, or in any place wherefrom the same may be heard in any street, avenue, alley, road, highway, public park or inclosure, or other building * * *."

the House Chamber. Capitol Police requested them to leave numerous times in order that they could properly secure the building for a visit by the President. Instead of complying with these reasonable requests, appellants lay on the floor and engaged in hand-clapping, song-singing, foot-stamping and shouting, which was annoying, offensive and obstructive to others. They ultimately had to be forcibly carried from the Capitol. Clearly such conduct is the type prohibited by § 22–1121.

We have considered the other purported errrors cited by appellants and find them to be without merit. Appellants were afforded every legal protection in the presentation of their defenses. They were represented by competent counsel, were fully informed as to the nature of the offense with which they were charged, and after a trial, which in our opinion was completely fair, were found guilty. Their convictions are

Affirmed.