RAWLS, Judge
(concurring specially).
I concur in the majority opinion upon the state of the instant record. It is my view that the doctrine of collateral estoppel (another nomenclature for double jeopardy) may well be applicable to the facts as same are developed in the event defendant is put to trial. In Busbee v. State, 183 So.2d 27 (Fla. DCA 1st, 1966), this Court held:
“* * * where the transactions giving rise to the two crimes are the same as a matter of fact, even though the offenses are not identical as a matter of law, a defendant may under the principle of res judicata, which is included in a plea under the broader doctrine of former jeopardy, show that the acquittal on the first charge was necessarily controlled by the determination of a particular issue or issues of fact which would preclude his conviction of the second charge.”
Also see Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and citations.