BOYER, Acting Chief Judge.
On May 3, 1969 petitioner was arrested within the city limits of Gainesville, Florida and charged with violating two city ordinances, the offenses being commonly known as driving while intoxicated (DWI) and careless driving. At the police station he was advised by an officer that he must take a breathalyzer test or have his driver’s license suspended for six months by the Department of Public Safety. On May 13, 1969 petitioner filed a request for jury trial in the Municipal Court, basing his request on Florida Statute 322.261 and Florida Statute 322.262, the enactments commonly referred to as the “implied consent law.” On May 27, 1969, the date of the trial, the court denied petitioner’s request for jury trial. The results of the breathalyzer test were introduced into evidence over petitioner’s objections.
At the commencement of the trial petitioner argued for dismissal of the careless driving charge, claiming that it was a lesser included offense in the more serious charge of driving while intoxicated.
Petitioner was found guilty of both charges, and upon his motion for new trial being denied he appealed to the Circuit Court on the sole contention that the jury trial provision of the implied consent law was applicable to municipal prosecutions for the offense of driving while intoxicated.
The Circuit Court affirmed the judgment of the Municipal Court and petitioner filed his Petition for Writ of Certiorari here.
As to the first point, viz: Whether the petitioner (defendant below) was entitled to a jury trial in the 1969 Municipal Court case, we affirm the Circuit Court and therefore deny certiorari on the authority of Smith v. Davis, Sup.Ct.Fla.1970, 231 So.2d 517 and State v. Hampton, Fla.App. (1st) 1970, 237 So.2d25.
As to the second point, viz: Whether the careless driving charge was a lesser included offense in the driving while intoxicated charge, we also affirm the action of the Circuit Court and deny certiorari for the following reasons:
First, appeal on that point was not timely taken to the Circuit Court and the record before us reveals that the point was not briefed before the Circuit Court, therefore petitioner is deemed to have abandoned same. (Rule 3.7, subd. i. Florida Appellate Rules, 1962 Revision, 32 F.S.A.; Baker v. Deeks, Fla.App. (2d) 1965, 176 So.2d 108.)
Further, it is apparent that under the facts sub judice the charge of careless *66 driving was not a lesser included offense in the more serious charge of driving while intoxicated. (See Busbee v. State, Fla.App. (1st) 1966, 183 So.2d 27 and State v. Bacom, 1947, 159 Fla. 54, 30 So.2d 744.)
The Petition for Writ of Certiorari is denied.
McCORD, J., and DREW, Associate Judge (Ret.), concur.