317 So.2d 149 (1975)
STATE of Florida, Appellant,
v.
Michael Patrick DWYER, Appellee.
No. 75-162.
District Court of Appeal of Florida, Second District.
July 23, 1975.
*150 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Kenton H. Haymans and Robert G. Jacobson, of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellee.
SCHEB, Judge.
The trial court directed a verdict of not guilty on a charge of disorderly conduct against the appellee. Thereafter, appellee sought dismissal of an information which charged him with violating Fla. Stat. § 843.01 by resisting arrest with violence, a charge which grew out of the arrest for disorderly conduct. The trial judge dismissed the information under RCrP 3.190(b), stating:
This Court ... finds that the County Court in and for Charlotte County, Florida, directed a verdict of not guilty at the close of the State's case and found as a matter of law that the Defendant was not guilty inasmuch as the State had failed to prove a prima facie case of disorderly conduct against the Defendant. The Court further finds that the doctrine of Res Judicata applies in criminal cases in the State of Florida and the State is barred from offering any evidence as to the Defendant's disorderly conduct and therefore is barred from proving one of the essential elements of the charge of resisting arrest with violence.
On appeal the state contends that these two different crimes were subject to separate prosecutions since the two charges are separate and distinct. We agree and we reverse.
Under Florida law a defendant can, under appropriate circumstances, be found guilty of resisting an arrest even though he may be found not guilty of the underlying offense which gave rise to the initial arrest. Smith v. State, Fla.App.3d 1974, 292 So.2d 69. See also Canney v. State, Fla.App.2d 1973, 298 So.2d 495; and, Burgess v. State, Fla.App.2d 1975, 313 So.2d 479.
Appellee argues that for the state to prove a charge of resisting arrest with violence, that it is necessary for it to establish ultimate facts which were resolved against the state when the defendant was tried on charges of disorderly conduct. Appellee reasons the state's failure to make a prima facie case of the initial charge is tantamount to a finding by the court that the initial arrest was unlawful. We think this argument is fallacious because the legality of the initial arrest was dependent upon whether the arresting officer had reasonable grounds to believe the appellee was committing a misdemeanor. In the former case the determination was whether or not the appellee was guilty of the offense of disorderly conduct.
*151 In support of his order, the trial judge cited Busbee v. State, Fla.App. 1st 1956, 183 So.2d 27. True, Busbee does state that res judicata is applicable to criminal cases. Accordingly, matters directly determined by a criminal court of competent jurisdiction cannot subsequently be disputed by the same parties. In Busbee the defendant was acquitted of hit and run charges arising from the same facts as resulted in a charge of manslaughter by intoxication. Where he sought to bar prosecution on the ground of res judicata the court held he had the burden of proving that his acquittal in the hit and run case had adjudicated for all times an issue or fact which would preclude conviction for manslaughter; the court declined to dismiss the manslaughter charges stating that the mere allegation of acquittal on the hit and run charge was not sufficient to constitute a bar to his prosecution for manslaughter.
Since the proof to be required of the state on the resisting arrest charge must evidence reasonable grounds for the appellee's arrest by the officer, and since this issue still remains to be adjudicated, the acquittal on the charge of disorderly conduct does not constitute a bar to prosecution for resisting arrest with violence.
Reversed and remanded.
McNULTY, C.J., and BOARDMAN, J., concur.