Brian KENNEDY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 91–274.

District of Columbia Court of Appeals.

Submitted Nov. 20, 1991.
Decided Nov. 21, 1991.*

Edward R. Shannon, appointed by the court, for appellant.

Sidney R. Bixler, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

Appellant appeals his conviction in a bench trial on the ground that there was insufficient evidence of reckless driving. D.C.Code § 40–712(b) (1981).[1] We affirm.

On November 19, 1990, at about 4:15 a.m., police officer Robinson observed appellant and a friend, driving separate cars, run a stop sign at 2nd and M Streets, S.E. Officer Robinson, who believed that the two cars were racing, signalled the drivers to stop, and chased the cars. During the chase, which lasted approximately a minute and a half, both fleeing cars made illegal U-turns, with one driving over the median strip. Officer Suber estimated the speed of the two cars at approximately forty-five miles per hour, in an area in which the speed limit was twenty-five miles per hour. Officer Suber also testified that there was other automobile traffic in the area, and that there were pedestrians on the street because a nearby club had just closed for the evening. Appellant concedes that he was speeding, went through a stop sign, and made illegal U-turns but maintains that these infractions did not constitute reckless driving.

To find appellant guilty of reckless driving, the finder of fact need only determine that he drove "without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." *Id.* There was testimony that appellant was racing his car against his companion's car, that he ran a stop sign, that he was speeding, and that he failed to stop for police. We cannot say that no reasonable fact finder could have convicted appellant of reckless driving on the basis of this evidence.[2] *See State v. Hanson,* 92 Idaho 665, 448 P.2d 758 (1968)

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on November 21, 1991. It is now being published by direction of the court.

1. D.C.Code § 40–712(b) (1981) provides:
   Any person who drives any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.

2. Our standard of review of the sufficiency of the evidence is limited to determining whether "as a matter of law, that no reasonable [fact finder] acting reasonably, could convict [appellant] on the evidence presented." *Beatty v. United States,* 544 A.2d 699, 701 (D.C.1988); *see also U.S. v. Thomas,* 274 U.S.App.D.C. 385, 388, 864 F.2d 188, 191 (1988).

(evidence sufficient to sustain reckless driving conviction of defendant who drove at 45 miles per hour in area posted for maximum speed of 25 miles per hour and made illegal U-turn); *Magee v. State,* 523 N.E.2d 432 (Ind.1988) (reckless driving conviction sufficiently supported by evidence that motorist had driven motorcycle in excess of posted speed limit, run two stop signs and "popped wheelie" for 20 feet); *Commonwealth v. Root,* 191 Pa.Super. 238, 156 A.2d 895 (1959) (defendant guilty of reckless driving by participating in a race with a motor vehicle on a highway).[3]

Accordingly, we affirm the judgment.

---

**3.** Appellant relies on *Swailes v. Columbia,* 219 A.2d 100 (D.C.1966). Presumably, appellant intends to rely on *Swailes v. District of Columbia,* 219 A.2d 100 (D.C.1966). However, his reliance is misplaced. He suggests in his brief that the trier of fact is required to separate the various violations, and viewing them separately, he argues, makes clear that there was insufficient evidence of reckless driving. We find no such rule of law in our decisions.