**Robert Edward CLARK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 7834.

United States Court of Appeals
Fourth Circuit.

Argued April 21, 1959.

Decided May 14, 1959.

Charles W. Laughlin, Richmond, Va. (Court appointed counsel) for appellant.

John M. Hollis, U. S. Atty., and W. F. Powers, Jr., Asst. U. S. Atty., Norfolk, Va., on brief, for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BOREMAN, District Judge.

SOBELOFF, Chief Judge.

The defendant, Robert Edward Clark, broke into the Officers' Club at the United States Army post in Fort Monroe, Virginia, on the night of February 1, 1958, forced open the safe and stole its contents. The Assimilative Crimes Act, 18 U.S.C.A. § 13,[1] subjects the actor to the penal laws of the State in which a federal enclave is situated if the act committed on such enclave is not made punishable by any enactment of Congress. See Williams v. United States, 1946, 327 U.S. 711, 724, 66 S.Ct. 778, 90 L.Ed. 962. Since breaking and entering on an Army base is not punishable under a specific federal statute, the defendant was indicted in the United States District Court for the Eastern District of Virginia pursuant to this Section 13 for unlawfully breaking and entering the Officers' Club with intent to commit larceny, in violation of Sec. 18–161, 1950 Code of Virginia.[2] The second count of the indictment charged him with stealing $931.46 from the Officers' Club, in violation of 18 U.S.C.A. § 661.[3] Conviction on both counts followed, and the defendant was sentenced to four years on each count. The Court directed, however, that the terms should be served concurrently.

On this appeal, the defendant contends that it was unlawful to convict him of breaking and entering with intent to commit larceny and also of the consummated theft.[4] Reliance is placed on

1. "§ 13. Laws of states adopted for areas within federal jurisdiction

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

2. "§ 18–161. * * * If any person do any of the acts mentioned in the preceding section [break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house] with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be confined in the penitentiary not less than one year nor more than ten years or, in the discretion of the jury, confined in jail not ex-ceeding twelve months and fined not exceeding five hundred dollars."

3. "§ 661. Within special maritime and territorial jurisdiction.

"Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

"If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both * * * *"

4. The Government correctly notes, and the defendant does not dispute, that this is not a question of double jeopardy, since each offense embraces an element of proof not required for the other: in the former, breaking and entering and the *intent* to commit larceny must be proved; in the latter, the consummated larceny. See Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, and McGann v. United States, 4 Cir., 1958, 261 F.2d 956, certiorari denied 79 S.Ct. 956.

Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, and Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. In Heflin the defendant was convicted of robbing a bank and also receiving the moneys stolen in that robbery. Both counts were based on the Federal Bank Robbery Act, 18 U.S.C.A. § 2113. The Supreme Court's construction of the Act was that Congress did not intend to punish doubly the consummated robbery and the receipt of the goods stolen by the robber himself. The Court said:

> "We held in Prince v. United States, supra, that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the consummated robbery. We ruled that entering with intent to steal, which is 'the heart of the crime,' id., 352 U.S. at page 328, 77 S.Ct. at page 406, 'merges into the complete crime if the robbery is consummated.' Id. We gave the [Bank Robbery] Act that construction because we resolve an ambiguity in favor of lenity when required to determine the intent of Congress in punishing multiple aspects of the same criminal act.
>
> \* \* \* \* \* \*
>
> "\* \* \* we think Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves." [358 U.S. 415, 79 S.Ct. 453.]

In each of the cited cases (Prince and Heflin) the defendant was convicted of two violations of a single statute, the Bank Robbery Act; the convictions in the instant case are, as above stated, for violations of two different statutes, 18 U.S.C.A. §§ 13 and 661. The distinction may be significant, for as was said in Prince v. United States, supra, 352 U.S. at page 325, 77 S.Ct. at page 405:

> "\* \* \* we are dealing with a unique statute of limited purpose and an inconclusive legislative history. *It can and should be differentiated from similar problems in this*

*general field raised under other statutes.* The question of interpretation is a narrow one, and our decision should be correspondingly narrow." (Emphasis supplied.)

Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, was cited in Prince as illustrative of the "similar problems \* \* \* under other statutes" which "should be differentiated" from the Bank Robbery Act. In that case, the Supreme Court upheld convictions under two separate statutes: one penalizes the forcible breaking into a United States Post Office with intent to commit larceny; the other penalizes the larceny itself. The Court said that "it is manifest that Congress, in the enactment of these sections intended to describe separate and distinct offenses." [237 U.S. 632, 35 S.Ct. 713.] While the interpretation of the Bank Robbery Act may be entitled to consideration in the problem before us, it is evident that Morgan v. Devine, supra, is more closely analogous, since, like the case at bar, it involves conviction for larceny under one statute and for statutory burglary under another.

■■ Even if there were merit in Clark's attack upon the burglary conviction, he would still be entitled to no relief. Concurrent sentences on several counts will be sustained if the length of the term of imprisonment is authorized under one good count. Chepo v. United States, 3 Cir., 1930, 46 F.2d 70; Dickerson v. United States, 8 Cir., 1927, 20 F.2d 901. Similarly, it has been held uniformly that a general sentence upon several counts not exceeding the permissible limit of punishment for one good count, is not vitiated if other counts are found insufficient. Claassen v. United States, 1891, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Roviaro v. United States, 1957, 353 U.S. 53, 59, note 6, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. Kelley, 7 Cir., 1951, 186 F.2d 598, certiorari denied 1951, 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375. In this case the maximum statutory penalty under the first count is ten years, and five years under the second count. Since the two four year sentences were

directed to be served concurrently, the defendant's punishment is not as much as the maximum permissible sentence under the less severe count. It would, therefore, be immaterial if one of the counts were struck down. Moreover, the defendant's eligibility for parole is not affected, since that is determined by the length of the term of imprisonment and not by the number of sentences imposed. 18 U.S.C.A. § 4202 [5]; United States Probation Officers' Manual, Chapter VII.

The defendant has neither been subjected to longer imprisonment, nor prejudiced in his parole eligibility by virtue of his conviction on two counts rather than one. We perceive no error, and the judgment appealed from will be

Affirmed.

Duffy, Chief Judge, dissented.

5. "§ 4202. Prisoners eligible
"A Federal prisoner, other than a juvenile delinquent, wherever confined and serving a definite term or terms of over one year, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence."