**George E. JALBERT, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee (two cases).**

**Elizabeth FUSCO, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**Jacqueline FLENNER, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee (two cases).**

**Kathleen BRUMMAL, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**Jacqueline BROUCHARDE, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 3901–3907.

District of Columbia Court of Appeals.

Argued April 4, 1966.

Decided July 5, 1966.

Stanford Robins, Washington, D. C., with whom Richard Shlakman, Washington, D. C., was on the brief, for appellants.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Milton D. Korman, Acting Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On August 9, 1965, about 800 persons participated in a demonstration in protest of the United States' involvement in the Viet Nam war. It began with a rally at the Washington Monument. A parade, authorized by the United States Park Service, followed from the Monument grounds up the Mall to Third Street, Northwest. There the demonstrators, including appellants here, ignored numerous requests by the police to disperse and warnings that they would be violating the law if they went past that point and assembled on the Capitol grounds,[1] thereby exceeding the limits of their parade permit. The group proceeded, however, to enter the Capitol grounds where the police advised them that they were violating the law and urged them to leave. Instead, a large number of them, including appellants, sat on the ground, blocked the walkways and, for a short time, engaged in making speeches, singing, clapping, chanting and yelling. A few tried to break through the police cordon formed to prevent their going on to the Capitol steps. After repeated police warnings, and unheeded requests to leave, about 300 demonstrators, including appellants, were arrested. Appellants were charged with disorderly conduct in violation of D.C. Code, 1961, § 22–1107[2] and § 22–1121.[3] After a nonjury trial, all appellants were

---

1. D.C.Code, 1961, § 9–124 [40 U.S.C.A. 193g] which provides: "It is forbidden to parade, stand, or move in processions or assemblages in said United States Capitol Grounds, or to display therein any flag, banner, or device designed or adapted to bring into public notice any party, organization, or movement * * *."

2. "It shall not be lawful for any person or persons within the District of Columbia to congregate and assemble * * * in or around any public building * * * and engage in loud and boisterous talking or other disorderly conduct * * * under a penalty of not more than $250 or imprisonment for not more than ninety days, or both * * *."

3. "Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby— * * * (2) congregates with others on a public street and refuses to move on when ordered by the police; * * * shall be fined not more than $250 or imprisoned not more than ninety days, or both."

found guilty under § 22–1121. Appellants Jalbert and Flenner were also convicted of disorderly conduct under § 22–1107. All were given a sentence of fifteen days in jail and a fine of $200, or, in lieu of its payment, another fifteen days in jail. Jalbert and Flenner, in addition to this sentence, each received for their convictions under § 22–1107 another sentence of fifteen days in jail and a fine of $200, or in lieu of its payment, another fifteen days, the latter sentences to run consecutively to the prior sentences under § 22–1121. These appeals ensued.

### I—Convictions under § 22–1121

█ Appellants primarily contend that the Criminal Division of the District of Columbia Court of General Sessions lacked jurisdiction to try them for disorderly conduct under § 22–1121, D.C.Code, 1961, because under D.C.Code, 1961, § 11–963(a) (1) (Supp. V, 1966), that court is authorized to hear and decide only those offenses punishable by fine or by imprisonment for one year or less. They also claim that their arrests and convictions under § 22–1121 impinged upon their rights of freedom of speech, of assembly, and of petitioning for redress of grievances; and that the statute was unconstitutionally vague because they could not reasonably anticipate that their conduct on the Capitol grounds would be subject to punishment. Their final defense was that there was insufficient evidence to sustain their convictions.

We have had occasion recently to consider and rule upon these same defenses to prosecutions under § 22–1121 in cases decided June 17, 1966, entitled Feeley v. District of Columbia, Uhrie v. District of Columbia and Dunlap v. District of Columbia, D.C.App., 220 A.2d 325, involving other demonstrators in the same large group who on August 9, 1965, were arrested for disorderly conduct on the Capitol grounds, together with appellants in the present cases before us. We ruled then that these defenses were without substance. The present record discloses no additional or new grounds requiring reversals of these prior holdings. These appellants have failed to establish any valid basis for their unconstitutionality charges against § 22–1121 as construed and applied by the trial court. We are convinced that there is sufficient competent evidence to sustain their convictions thereunder. Their attacks upon the jurisdiction of the trial court to hear and determine the charges against them are without merit and we again affirm the validity of the trial court's jurisdiction. We are of the opinion that by the legislative history of the statute and by court analysis the District of Columbia Court of General Sessions has concurrent jurisdiction over all misdemeanors and that the Corporation Counsel is the proper official by virtue of D.C.Code, 1961, § 22–109 to conduct the prosecution of the offenses under § 22–1121. Smith v. District of Columbia, D.C.App., 219 A.2d 842, decided June 1, 1966.

█ Appellants also charge that the trial judge, prior to imposition of sentences, failed to grant them allocution under Criminal Rule 20(a) of the trial court.[4] The record confirms this charge. After finding the appellants guilty of the offenses, the trial judge engaged in a lengthy dissertation upon extraneous matters not directly connected with the pertinent issues in the cases before him and wholly irrelevant to the sentences to be imposed as authorized under the statutes. His remarks contained no invitation addressed personally to the defendants standing before him affording them a clear opportunity to make statements in their own behalf and to present any information in mitigation of punishment. Omission of allocution

---

4. "Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or alter the bail. Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

is reversible error in this jurisdiction insofar as the sentences imposed are concerned,[5] and these cases must be remanded for new sentences [6] after opportunity has been afforded appellants to make personal statements and to present any facts affecting the leniency of punishment.

## II—Convictions of Appellants Jalbert and Flenner under § 22–1107

Appellants Jalbert and Flenner argue that their convictions for disorderly conduct under § 22–1107 [7] were prohibited by the Fifth Amendment to the Constitution of the United States on the ground that the statute in question was void for vagueness. We do not reach consideration of this question for we find the activities of appellants were not the type of disorderly conduct proscribed by § 22–1107.

The record discloses that appellants Jalbert and Flenner refused to cooperate with the police in voluntarily leaving the Capitol grounds but instead they "went limp" and had to be carried away bodily by the officers.

■ Absent any showing that at the time of their assembly on the Capitol grounds these appellants "were engaged in loud and boisterous talking" as primarily charged against them under § 22–1107, the only remaining ground for their convictions under this statute was "and other disorderly conduct." The trial judge did not find any loud and boisterous talking by appellants, but, in construing the words, "and other disorderly conduct," he ruled that this provision covered refusals by appellants to voluntarily accompany the police *after* their arrests, thereby imposing an extra burden upon the police to carry them,

and that this type of nonviolent resistance was fraught with the possibility of active violence comparable to their actual striking back at the police. We are unable to accept this interpretation as reasonable and valid. The words "other disorderly conduct" must be read with the preceding words "loud and boisterous talking" and could only be intended to mean other *like* disorderly actions while assembled in the Capitol grounds, such as "screaming," "loud singing," "clapping" and similar noisy outbursts of sound. Merely "going limp," without active physical resistance and absent loud and boisterous vocal disturbance, cannot be reasonably equated with "other disorderly conduct" as contemplated within the prohibition of § 22–1107. There is no question that the arrests of these appellants had been accomplished before they were physically removed. Neither Jalbert nor Flenner had been observed engaged in "loud and boisterous talking" in violation of the statute. In fact appellant Flenner was arrested while quietly seated. At most, their conduct indicated nonviolent and non-cooperative objection and resistance to lawful arrests under § 22–1121 for disorderly conduct but *not* for disorderly conduct under § 22–1107. For these reasons, the convictions of appellants Jalbert and Flenner for "other disorderly conduct" under § 22–1107 were contrary to law and must be reversed.

Other alleged errors by the trial judge have been considered and are found to be without substance.

Convictions in Nos. 3901 and 3903 reversed; Convictions in Nos. 3902, 3904, 3905, 3906 and 3907 affirmed, but the cases remanded for resentencing after opportunity for allocution.

5. Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Hensley v. United States, D.C.Mun.App., 155 A.2d 77, aff'd 108 U.S.App.D.C. 242, 281 F.2d 605 (1960).

6. In imposing new sentences, the penalties shall be governed by D.C.Code, 1961, § 22–3111 which provides a fine of "not

more than fifty dollars" upon conviction of disorderly and unlawful conduct in or about public buildings and public grounds belonging to the United States within the District of Columbia. See Feeley v. District of Columbia and companion cases, decided by this court June 17, 1966.

7. See Note 2, supra.