William A. THOMAS, Appellant,

v.

UNITED STATES, Appellee.

Wilmer B. PRESTON, Appellant,

v.

UNITED STATES, Appellee.

Earl C. SINGLETON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4098, 4099, 4267.

District of Columbia Court of Appeals.

Argued March 20, 1967.

Decided May 2, 1967.

Bruce Armstrong, Washington, D. C., for appellants in Nos. 4098 and 4099. Laurens H. Silver, Washington, D. C., for appellant in No. 4267.

Frank Q. Nebeker, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., was on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge.

These appeals, consolidated for hearing, raise questions only concerning sentencing procedure.

## SINGLETON

This appellant was charged with assault,[1] carrying a pistol without a license,[2] and petit larceny.[3] Due to technical deficiencies in the prosecution's evidence, appellant was acquitted on the two latter charges, but was found guilty on the charge of assault. Before sentencing the court inquired as to appellant's record. Government counsel replied that appellant was then on probation under a sentence of one year for a previous conviction for petit larceny. When appellant's counsel admitted this to be true, the court gave both appellant and his counsel an opportunity to be heard before sentence was imposed. Appellant made a brief statement. The court then imposed a sentence of 360 days.

■ Appellant's counsel here, who was *not his trial counsel, claims the court was in error in failing to order either a preliminary screening or a probation report prior to sentencing.*

The trial court's Criminal Rule 20(c) (1) provides:

"When the court directs, the probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation." [4]

Conceding that an order for a preliminary screening or probation report prior to sentencing is discretionary with the court and is not required in every case, counsel argues that the record should show "at least a threshold visible decision" on the part of the sentencing judge indicating a reasoned decision not to order a presentence investigation. He contends that the record shows no such decision by the trial court. We disagree with counsel and find no error.

It is clear to us from the record that the court did consider the question of a probation report and determined that such was not necessary. The court inquired as to appellant's record and learned that appellant had committed this offense while on probation for a previous conviction.[5] It is evident from the record that the trial court felt it had before it all that was needed for sentencing and that a presentence report was not required.

## THOMAS AND PRESTON

■ These appellants were both charged with carrying a pistol without a license and with assault. They were represented by experienced retained counsel. The assault charges were nolle prossed and each appellant then pleaded guilty to the charge of carrying a pistol without a license. Counsel then requested that the cases be referred to the probation office. The court inquired as to the basis for the request and counsel replied that appellants were regularly employed and had no previous criminal records. The following then ensued:

The Court: Well, what explanation do they have for carrying a gun?

Counsel: Of course, your Honor, there's no justification for that; I can't justify that, sir.

The Court: Well, I'm not going to refer them to the Probation Office. This is a deliberate thing, carrying a gun, and that's the cause of so many robberies and assaults, and what-not.

Counsel: Yes, your Honor.

The Court: What do you young men want to say? (No response.)

The Court: All right. That will be 360 days each, Thomas and Preston, for carrying a dangerous weapon.

1. D.C.Code 1961, § 22–504.

2. D.C.Code 1961, § 22–3204.

3. D.C.Code 1961, § 22–2202.

4. Compare Federal Rule of Criminal Procedure 32(c) (1).

5. That conviction was affirmed in Singleton v. United States, D.C.App., 225 A.2d 315 (1967).

Appellants, through newly retained counsel, argue that the refusal of the court to order a presentence investigation was an abuse of discretion. For the reasons set forth in Singleton's appeal we find no merit to this contention. We likewise find no merit to the contention that the sentence imposed constituted an abuse of discretion.

 Appellants also argue that they were effectively denied their right to have counsel speak on their behalf prior to imposition of sentence and that they were not fairly afforded the right of allocution. This argument is based on the fact that at the time the trial court accepted the pleas of guilty, there were submitted to the court statements of fact prepared by the arresting officer.[6] These statements indicated that not only were the appellants carrying the pistols, but also that appellant Thomas drew his pistol, pointed it at a person, raised it and fired one shot, and that appellant Preston had drawn his pistol and pointed it in a threatening manner at another person. The statements also indicated that appellants admitted having the pistols but denied pointing them at any one.

Appellants' argument is that they were not aware of the contents of the statements, and therefore neither they nor their counsel were afforded the opportunity to answer or deny the statements concerning the use of the pistols. Their claim of prejudice rests on the assumption that the court in imposing sentence was influenced by the statements concerning the use of the guns. We cannot so assume. If we are to indulge in assumptions, we would assume that if the trial court gave consideration to the statements, it observed that appellants denied any use of the guns and would have inquired concerning that matter if it was to affect the sentence. Further, the court made no reference to using the guns but inquired only as to any explanation "for carrying a gun." When no explanation or

justification was offered, the court observed that "carrying a gun" is a deliberate act and imposed sentence for "carrying a dangerous weapon."

We may add that both the court and trial counsel were aware of the fact that appellants had also been charged with assault and that the statements would refer to the assault charges as well as to the charges of carrying pistols. It was also known that the assault charges had been dropped. Accordingly, it would appear that both the trial court and counsel considered the assault charges (use of the guns) as a closed matter, and therefore made no reference to such charges and gave them no consideration.

Affirmed.

---

6. It is our understanding that such statements are prepared by the police for use by the prosecuting attorney.