Gary MAHONEY, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4507 and 4508.

District of Columbia Court of Appeals.

Argued April 8, 1968.

Decided June 25, 1968.

Bruce P. Saypol, Washington, D. C., appointed by this court, for appellant.

William G. Reynolds, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Larry D. Knippa, Special Attorney to the United States Attorney, were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by the court of assault [1] and petit larceny [2] and sentenced to consecutive terms of one year on each

---

1. D.C.Code 1967, § 22–504.

2. D.C.Code 1967, § 22–2202.

charge. He asserts on appeal that the evidence was insufficient to support the conviction of assault and that it was error to impose consecutive sentences.

On April 20, 1967, about 1:15 p. m., the complaining witness was returning from the bank to his place of business carrying a bag containing $110 in change. He was standing on the corner of 13th and U Streets, N. W., when someone approached from the rear and snatched the bag of coins from his hand. Complainant immediately turned and gave chase, along with several other persons, but the thief escaped. The bag of coins was dropped in flight and when recovered, was shy ten dollars. Appellant, who was subsequently arrested on a warrant, denied the offense, claiming that he was at home at the time.

On direct examination complainant testified in part as follows:

Q. During the process of snatching the bag out of your hand, were you touched in any way other than that?

A. Not that I recall, no, it wasn't, no— you mean was I hit or anything like that?

Q. Were you touched in any way?

A. Not that I recall.

■ This brief testimony established that complainant was not touched in any other way *other than* the snatching of the bag from his hand. All other descriptive references of record to the alleged crimes were to a "snatching" of the bag. There was no testimony of a jostling, or of a pushing, or of a direct impact to complainant's body as there was in Harris v. United States, D.C.App., 201 A.2d 532, 534 (1964), the most apposite authority, where we said that

"[V]iolence" in its ordinary meaning is not a necessary element of assault, for

an attempt to do unlawfully to another any bodily injury however small constitutes an assault. Further, actual fear on the part of the person 'assaulted is not a necessary element of the crime. Thus, the jostling of Meier, the fumbling with his trouser cuffs, and the impact at the area of his hip pocket constituted sufficient evidence to send the case to the jury on the question of assault.

Yet we fail to see how a necessarily heavy bag of coins can be forcibly grabbed from a man's hand without some sensation of a jolt or of an impact, albeit indirect, to the hand. Certainly such an inference is reasonably possible in this case and we are accordingly of the opinion that the evidence, however brief, supports a finding of an interference with the person of another sufficient to constitute an assault.

■ To support his contention that it was error to impose consecutive sentences appellant follows the argument advanced in Irby v. United States, 129 U.S.App.D.C. ——, 390 F.2d 432 (1967).[3] The application of the rule of lenity, fashioned by the Supreme Court in cases reviewed at length in *Irby*, depends upon whether there is substantial doubt Congress would have intended that double punishment be imposed for separate crimes arising out of a single course of conduct. There can be little doubt that Congress intended that persons who engage in conduct such as appellant was accused of here should be charged with the crime of robbery which, upon conviction, carries a minimum penalty of six months and a maximum penalty of fifteen years. D.C.Code 1967, § 22–2901. However, the fact that for whatever reason appellant was not charged with a single felony but with two separate misdemeanors does not, in and of itself, raise a substantial doubt that Congress contemplated consecutive punishments for the

---

3. Decided on rehearing en banc, affirming Irby v. United States, D.C., 250 F.Supp. 983 (1965), which had previously been reversed by a panel of the USCADC, one judge dissenting. (No. 19,988, decided March 15, 1967).

two crimes. Nothing in the legislative history of the statutes helps us determine congressional intent, but by definition assault and petit larceny are separate and distinct offenses requiring different elements of proof. One is a crime of general intent against the person; the other a crime of specific intent against property. We read *Irby* to say, however, that such distinctions are no longer conclusive in determining the legality of consecutive sentences for two crimes committed in a single course of conduct. Defendant Irby received consecutive sentences upon pleas of guilty to housebreaking and robbery. His attack upon the legality of the sentences came some years later in a motion under 28 U.S.C. § 2255. In affirming the denial of the motion the majority reasoned that Irby had embarked on a course of criminal conduct which admitted of interruption or alteration, which is to say that one may enter a house unlawfully with the intent to steal, thereby committing the crime of housebreaking, but choose to retire before committing the additional crime of robbery. We are unable to apply a similar rationale here because the two offenses were not committed seriatum, but rather coincided in the single act of snatching the bag of coins from complainant's hand. Thus, a persuasive argument can be made that there was but a single criminal episode, motivated by a single intent, for which cumulative punishment is prohibited. We are also mindful of the fact that in this case the same evidence which proves the larceny also, by logical inference, proves the assault. It is nevertheless our opinion that not only are the compelling reasons which call for the application of the rule of lenity absent here, but also that *Irby* supports our conclusion that there is no substantial doubt Congress would have intended, in the discretion of the court, that consecutive punishment be imposed for historically separate offenses, against different societal interests, for which it has provided separate deterrents.

Affirmed.