Richard M. WEEKS, Appellant,

v.

UNITED STATES, Appellee.

No. 4720.

District of Columbia Court of Appeals.

Argued Jan. 27, 1969.

Decided May 7, 1969.

Michael M. Kearney, Arlington, Va., appointed by this court, for appellant. Ira M. Lowe, Washington, D. C., also entered an appearance for appellant.

Henry F. Greene, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Axel H. Kleiboemer, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted of attempted burglary in the second degree,[1] destroying private property,[2] and petit larceny[3] on evidence showing, as far as pertinent, that a showcase window glass of a music store had been broken and a stereo stolen from the window. The sentences imposed were one year for attempted burglary and one year for petit larceny, to be served consecutively, and an additional year for destroying private property, to be served concurrently with the larceny sentence. The only alleged error which requires discussion is the validity of the trial court's action in imposing consecutive sentences.

1. D.C.Code 1967, § 22–103; § 22–1801(b) (Supp. II, 1968).

2. D.C.Code 1967, § 22–403.

3. D.C.Code 1967, § 22–2202.

■ Irby v. United States, 129 U.S.App. D.C. 17, 390 F.2d 432 (1967), makes clear that if in a single course of conduct two or more separate crimes are committed, we look to the intent of Congress to determine whether a substantial doubt exists as to its intention that double punishment should be imposed. If there is a substantial doubt of congressional intent, the rule of lenity is applied in favor of concurrent sentences. But while the application of the rule of lenity has heretofore presented many difficulties,[4] circumstances do not require its application here.

It is true that the three offenses with which we are concerned are crimes against property, committed in a single course of conduct.[5] But it is unnecessary to make nice distinctions between the interests sought to be protected by the several statutes under which appellant was charged, nor to base our holding on any such reasoning that in this one continuing transaction appellant's course of criminal conduct admitted of interruption. The fact is that appellant's true crime was burglary in the second degree, a felony. Our disposition of this case is premised on that fact, and we regard it as inconsequential that the felony was reduced by the prosecution to three separate misdemeanors.

■ It is seldom possible to ascertain with any degree of certainty a legislative intent as to cumulative punishment. However, Congress has recently made it clear that in its estimation burglary in the second degree is so serious a crime as to require,

upon conviction, a mandatory minimum sentence of two years.[6] With this clear expression of legislative intent we do not think it unjust to impose cumulative punishment for the several misdemeanors of which the burglary is comprised, particularly where no other considerations are present which dictate leniency.

To hold that under the circumstances of this case the trial judge could not in his discretion impose consecutive sentences would be to subvert the intent of Congress rather than to doubt it.[7] Accordingly the judgments appealed from are

Affirmed.

GALLAGHER, Associate Judge (concurring):

I concur on the ground that consecutive sentences may be given for convictions under the burglary and larceny statutes. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915). While the propriety of consecutive sentences for offenses arising from one continuous transaction is currently under scrutiny,[1] Morgan is apparently still the law and it is by no means certain it will not remain so.[2]

Though appellant was actually convicted of attempted burglary (second degree) rather than burglary, this factor does not invalidate the consecutive sentences imposed here as a conviction for an attempt is valid even though the completed act is proved at trial. United States v. Fleming, D.C.App., 215 A.2d 839 (1966). It is un-

---

4. *See, e.g.,* Barringer v. United States, 130 U.S.App.D.C. 186, 399 F.2d 557 (1968).

5. We have had occasion, at the direction of the United States Court of Appeals, to consider the propriety of consecutive sentences for attempted petit larceny and destroying movable property where the two crimes were committed in an attempt to pry open the locked trunk of an automobile. We reversed and remanded for resentencing. Watson v. United States, Nos. 4252 and 4253 (unpublished order dated June 18, 1968).

6. D.C.Code 1967, § 22–1801(b) (Supp. II, 1968).

7. *Cf.* Jenkins v. United States, D.C.App., 242 A.2d 214 (1968).

1. *See, e.g.,* Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432 (1967).

2. *Cf.* Prince v. United States, 352 U.S. 322, 325, 328 note 9, 77 S.Ct. 403, 1 L.Ed.2d 370. *See also* Clark v. United States, 267 F.2d 99 (4th Cir. 1959); Hamilton v. United States, 253 F.2d 421 (5th Cir. 1958).

necessary to consider that appellant also received a one year sentence for destruction of private property as this was made to run concurrently with the petit larceny sentence. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).