James G. MILER, Appellant,

v.

UNITED STATES, Appellee.

No. 4836.

District of Columbia Court of Appeals.

Argued May 12, 1969.

Decided July 17, 1969.

Abraham Dobkin, Washington, D. C., for appellant.

D. William Subin, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Oliver A. Houck, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge.

Appellant, along with another defendant, was convicted of attempted burglary, Secs. 22–103, 22–1801(b) (Supp. II, 1968), petit larceny, Sec. 22–2202, and malicious destruction of property, Sec. 22–403, (D.C. Code 1967), and each defendant was sentenced to 360 days, 360 days, and 180 days respectively, with the sentences to run consecutively. Only Miler appeals.

Upon carefully examining the record, we find no error in the trial of the case and, therefore, the convictions are affirmed. However, we remand for resentencing since the sentencing process was improper.

After the jury returned its verdict, the following colloquy took place:

THE COURT: Do these defendants have records? Mr. Dobkin [defense counsel], do you want to say anything, sir?

MR. DOBKIN: Yes, Your Honor. I would ask you refer both of the defendants to probation before sentencing them. My understanding is that Mr. Graham has no record, and that Mr. Miler has one conviction of disorderly. I think the Court would help greatly if you put both defendants on probation.

THE COURT: All right. Put it over for six weeks and get a full probation report. As far as I can see this is really a housebreaking. Burglary—

MR. DOBKIN: I'm sorry, Your Honor, I don't want to interrupt.

THE COURT: If you don't want to, don't do it, sir.

MR. DOBKIN: I'm sorry, Your Honor.

THE COURT: I don't think there is any occasion for probation here. I paid close attention. These defendants show no remorse. They tried to get out of it. They perjured themselves. It's a felony. They have already gotten a break in having it broken down to a misdemeanor. Do you want to say anything else?

Stand up, please, both of you.

Frank; 360 days each on the burglary, 180 days each on the destroying property, 360 days each on the petit larceny, consecutively with credit for the time they have been locked up.

█ Appellant claims that he was denied his right of allocution,[1] and that the trial judge used improper considerations when he imposed sentence. The Government contends that the record clearly shows that appellant was given an opportunity to speak in his own behalf. We disagree. The Court's last question, "Do you want to say anything else?", was apparently addressed to defense counsel who had spoken before while the two defendants were seated at counsel table. The record does not reflect any reply to the question by counsel or the two defendants.

█ It must be clear from the record that the defendants have been personally given their opportunity for allocution. *Cf.* Jalbert v. District of Columbia, D.C.App., 221 A.2d 94 (1966), *vacated on other grounds,* 128 U.S.App.D.C. 275, 387 F.2d 233 (1967). Here, it is unclear whether the invitation to speak was addressed personally to the defendants seated before the court, affording them a *clear* opportunity to make statements in their own behalf and to present any information in mitigation of punishment.

█ It also appears that the trial judge may have used improper considerations when he imposed sentence. His refusal to refer the case to the probation office for a presentence investigation and report was based in part on the fact that, *"These defendants show no remorse. They tried to get out of it. They perjured themselves."* A trial judge may not penalize a defendant for not admitting guilt and expressing remorse once the jury has found him guilty. Such an admission might jeopardize his right of appeal or a motion for a new trial. Nor is it proper for the trial judge to impose a heavier sentence because he believes the defendant perjured himself in maintaining his innocence on the stand, or because he exercised his right of a jury trial. *See* Scott v. United States, U.S. App.D.C. (No. 20,954, decided February 13,

---

1. GS Rule 20(a):
   (a) SENTENCE. Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or alter the bail. Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.

1969). *See also* United States v. Wiley, 267 F.2d 453 (7th Cir. 1959).

 Appellant's contention that the consecutive sentences were improper is without merit. *See* Weeks v. United States, D.C. App., 252 A.2d 907 (1969).

Convictions affirmed; remanded for resentencing.

GALLAGHER, Associate Judge:

I concur in the result. See my concurrence in Weeks v. United States, D.C.App., 252 A.2d 907 (1969).