Hugh Lee **JENKINS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5025.

District of Columbia Court of Appeals.

Argued Nov. 12, 1969.

Decided Jan. 15, 1970.

Sol Z. Rosen, Washington, D. C., appointed by this court, for appellant.

William S. Block, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Richard N. Stuckey, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge.

 Appellant was tried before a jury and convicted of one count each of assault and petit larceny. His appeal raises but one issue meriting discussion.[1]

The Government's case rested solely on the testimony of the complainant, whose apartment had been burglarized of a briefcase containing his passport, other important papers and $300.00 sewn into its lining. About four days later, complainant received a message that someone had found the briefcase and directing him to go to 1425 T Street, N.W., if he wanted his papers. When he arrived at that address he saw a Mr. Wright, who brought him into a first floor apartment where appellant was waiting. He claimed that appellant offered him the papers and passport but demanded $50.00. When complainant refused, appellant put his hand into complainant's pocket and took his wallet, withdrawing $10.00 and said: "This $10 I take. Give it me back $40 and you don't bring $40 your life in danger."[2] Complainant then returned to his apartment building and called police.

At the outset of the defense case counsel for appellant informed the court that appellant wished to testify for himself, and requested immunity from impeachment by the use of prior convictions. The court held a hearing out of the presence of the jury as required by Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and Gordon v. United States, 127 U.S. App.D.C. 343, 383 F.2d 936 (1967), after which it ruled that a 1966 conviction for attempted procuring could be used to impeach appellant's credibility. Appellant

then took the stand and testified that he had found complainant's briefcase in a trash can, discovered the papers which he realized were important, and left a message for complainant offering to return them. He claimed that he gave complainant all the papers he had found when the latter came to his apartment, but that the complainant and he spoke in the hallway, not in the apartment. When complainant asked for the briefcase, appellant took him out to the trash can but it was no longer there. Complainant also demanded his $300.00, but appellant denied finding it. Thereupon, complainant gave appellant one dollar as a reward, promised to give him more when he was paid, and left. Appellant testified that Mr. Wright was with him all the time complainant was there, and that a janitor was mopping the hallway nearby. He denied taking complainant's wallet or the $10.00 from it. On cross-examination, appellant admitted his prior conviction for attempted procuring in 1966.

The janitor's son, who had been mopping the floor at the time, testified that he had seen the briefcase in the trash can and noticed papers in the street around it about a week before. He said he saw complainant and appellant talking in the hallway, and saw complainant holding some papers and handing some money to appellant. A third defense witness, Mr. Wright, substantially corroborated the previous testimony.

The issue for the jury was thus narrowed to one of credibility. Appellant contends that his conviction for attempted procuring was irrelevant to the issue of veracity, and that even if it did so relate, the prejudice to him arising from allowing the

---

1. Appellant's additional contention that there was insufficient evidence to go to the jury on the assault charge is unpersuasive. See Mahoney v. United States, D.C.App., 243 A.2d 684, 685 (1968); Harris v. United States, D.C.App., 201 A.2d 532, 534 (1964). We likewise see no prejudicial error as the result of the

prosecutor's closing remarks. See Gibson v. United States, 131 U.S.App.D.C. 163, 403 F.2d 569, 570 n. 1 (1968).

2. Complainant is a native of India and does not speak fluent English. The quote reproduces his exact testimony.

jury to hear it far outweighed its probative value as to credibility. We reject this contention.

 It is clear in the first instance that *Luck* and *Gordon, supra,* made the relationship of the crime to veracity an important element to be considered in the exercise of the trial court's discretion. The crimes which were considered irrelevant, however, were those involving acts of violence arising out of passion, short temper, or the like. The crime of procuring has been described by another court, dealing with the question that confronts us, as follows:

> [I]t requires no discussion to argue or prove that this offense is so base, vile, and shameful as to leave the offender not wanting in depravity, which words "moral turpitude" imply. Evans v. State, 70 Ga.App. 500, 28 S.E.2d 671, 672 (1944).

We think that a conviction for this crime, involving as it does the "moral turpitude" of the offender, is relevant to the issue of his veracity as a witness.

This court is limited here to reviewing for an abuse of discretion. *Luck v. United States, supra.* Since we have determined that the prior conviction was relevant to credibility, the sole remaining question is whether the prejudicial effect of its admission far outweighed its probative value to that issue. *Gordon, supra,* 127 U.S.App.D.C. at 346, 383 F.2d at 939. We note that the *Luck* ruling by the trial court did not discourage appellant from testifying, and that two other defense witnesses offered substantially identical testimony. Under the circumstances we cannot say that the trial court abused its discretion in allowing his impeachment as it did.

Since we find no error, the conviction is

Affirmed.