Maurice Anthony JOHNSON, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 5084.

District of Columbia Court of Appeals.

Argued Feb. 25, 1970.

Decided May 28, 1970.

---

1. In view of the stipulation in this case, this is the sole question presented.

Daniel G. Grove, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Broughton M. Earnest, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge.

Evidence that appellant was apprehended fleeing from an alley behind a barber shop after a witness had observed three men tampering with the barber shop rear door, and that a subsequent examination of the door disclosed that the unopened outer metal grate door had been damaged while the inner wooden door had been opened, resulted in consecutive sentences of one year for attempted second-degree burglary [1] and six months for malicious destruction of property.[2] We agree with appellant that factually this case calls for the application of the rule of lenity and we therefore remand for resentencing.[3]

"Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432 (1967), makes clear that if in a single course of conduct two or more separate crimes are committed, we look to the intent of Congress to determine whether a substantial doubt exists as to its intention that double punishment should be imposed. If there is a substantial doubt of congressional intent, the rule of lenity is applied in favor of concurrent sentences." [4]

Our Code expressly limits the maximum prison sentence for attempted burglary to one year.[5] The crimes of attempted second-degree burglary and malicious destruction of property are offenses against the same societal interest—the protection of private property.[6] Nothing in the evidence suggests that the offenses were animated by different criminal intents or that the "course of conduct admitted of interruption and alteration in response to the deterrent influence of additional punish-

---

1. D.C.Code 1967, § 22-103; § 22-1801 (b) (Supp. III, 1970).

2. D.C.Code 1967, § 22-403.

3. It is also agreed that appellant was not afforded the right of allocution.

4. Weeks v. United States, D.C.App., 252 A.2d 907, 908 (1969).

5. D.C.Code 1967, § 22-103.

6. Cf. Irby v. United States, 129 U.S.App. D.C. 17, 390 F.2d 432 (1967); Mahoney v. United States, D.C.App., 243 A.2d 684 (1968).

ment."[7] Malicious destruction of property does not appear to be in that category of crimes, such as those involving narcotics or prohibited weapons, in which a definite legislative intent to cumulate punishment has been found.[8] Nor is this a case of a broken-down felony in which the consecutive sentences equal the mandatory minimum felony sentence fixed by Congress[9] or total less than the maximum.[10]

We doubt whether Congress intended that an unsuccessful burglar be punished for the minor property damage resulting from his attempt after he has served a sentence for attempted burglary. "Doubts in this area of the law are resolved not only in favor of lenity, but in favor of rational and reasonable probabilities of legislative intent where such intent is left unclear." Ingram v. United States, 122 U.S.App.D.C. 334, 337, 353 F.2d 872, 875 (1965). It is thus our opinion that this is not an appropriate case for cumulative punishment.

Appellant's arguments that the trial court, acting as the trier of fact, improperly inferred the necessary intent to commit a crime after entry,[11] and that remarks by the trial judge at the original sentencing require us to order that another judge perform the resentencing, are without merit. Accordingly, the judgments of conviction are

Affirmed. Sentences are vacated and the case remanded for resentencing.

7. *Irby v. United States*, 129 U.S.App.D.C. 17, 20, 390 F.2d 432, 435 n.4 (1967); *accord*, Jackson v. United States, 134 U.S.App.D.C. 149, 412 F.2d 149, 155 (1969).

8. *Cf*. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Jenkins v. United States, D.C. App., 242 A.2d 214 (1968).

9. *Cf*. Weeks v. United States, D.C.App., 252 A.2d 907 (1969); Mahoney v. United States, D.C.App., 243 A.2d 684 (1968).

10. *Cf*. Miler v. United States, D.C.App., 255 A.2d 497 (1969).

11. *See* D.C.Code 1967, § 22–1801(b) (Supp. III, 1970).