Hubbard MANNING, Appellant,

v.

UNITED STATES, Appellee.

No. 5279.

District of Columbia Court of Appeals.

Argued July 14, 1970.

Decided Nov. 9, 1970.

1. Act of July 29, 1970, Pub.L. No. 91–358, 84 Stat. 473.

Patricia R. Schwartz, appointed by this court, Washington, D. C., for appellant.

Roger M. Adelman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, C. Madison Brewer and Zollie Richburg, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, GALLAGHER, Associate Judge, and MYERS, Associate Judge, Retired.

MYERS, Associate Judge, Retired:

Appellant was tried without a jury on a three-count information charging attempted second-degree burglary, D.C.Code 1967, §§ 22–103 and 22–1801(b) (1970 Supp.), destroying property, D.C.Code 1967, § 22–403, and attempted petit larceny, D.C.Code 1967, § 22–103. The trial court found appellant guilty on all three counts, and sentenced him to six months on each charge to run consecutively. This appeal ensued.

On October 27, 1969, two men were observed attempting to pry open a window of a private home with a crowbar. Evidence showed that a driver of a white panel truck parked nearby was working in conjunction with them, and awaiting the outcome of their efforts. Due to the windows having been nailed down by the owner of the house, the men were unable to gain entrance, but their efforts left gouge marks at the bottom of the window and ripped a lock from the frame. Testimony by a next door neighbor clearly identified appellant as one of the two men attempting to pry open the window with a crowbar. Appellant was acting without authority in his attempt to gain entrance to the house.

Appellant contends that the trial court erred (1) in convicting him of attempted second-degree burglary and of attempted petit larceny in the absence of a showing of criminal intent, and (2) in imposing consecutive sentences for the three offenses when he had committed a single act of damaging a window and there was no showing that Congress intended punishment in such a case.

Appellant has neither briefed nor argued his alleged error of absence of criminal intent and apparently has abandoned any challenge as to the sufficiency of the evidence supporting each of the three convictions. Suffice it to say that we are satisfied from an examination of the record that there was ample evidence to sustain the convictions and, therefore, we affirm them.

That leaves for consideration only the alleged error that the three sentences of six months each should not have been imposed to run *consecutively*, but should be remanded for reimposition of all sentences to run *concurrently*. Appellant further contends that in the District of Columbia the so-called "Rule of Lenity" bars consecutive punishment in cases where a single course of conduct is prosecuted as more than one statutory offense when there is substantial doubt as to whether Congress would have intended it to be imposed.

The Government concedes that the sentences for attempted second-degree burglary and destruction of property cannot run consecutively, as they fall within our holding to the contrary in Johnson v. United States, D.C.App., 265 A.2d 780 (1970). Under similar facts, involving the damaging of a barber shop door in an attempted burglary, the court relied on the reasoning of Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432 (1967), which makes it clear that if in a single course of conduct two or more crimes are committed, we must look to the intent of Congress to determine whether a substantial doubt exists as to its intention that double punish-

ment should be imposed. If there is substantial doubt of congressional intent, the rule of lenity is applied in favor of concurrent sentences. The rule was devised to the end of barring double punishment when there is substantial doubt as to legislative intent and precludes against pyramiding punishment for two offenses arising from a single course of conduct.

As in Johnson v. United States, supra, the destruction of property and the attempted second-degree burglary in the case at bar involved a single course of conduct, *i. e.,* the prying of the window. Since there is also substantial doubt of congressional intent to impose double punishment, the rule of lenity should be applied and *concurrent* sentences imposed for these two offenses. Accordingly, we remand the convictions for destruction of property and attempted second-degree burglary for resentencing.

The validity of consecutive sentences for *attempted* second-degree burglary and *attempted* petit larceny remains to be considered. No decision has been found establishing or disallowing the application of the rule of lenity where these two offenses were committed. It has never been successfully contended that consecutive sentences could not be imposed for the *completed* crimes of second-degree burglary and petit larceny. The intent of Congress is clear in this area. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915). It follows, therefore, that if the two attempts can be established, independent of one another, consecutive sentences may be imposed.

Under the facts of this case, appellant intended to invade two distinctly different societal interests, *i. e.,* the security of the dwelling and the protection of another's personal property. His course of conduct, in pursuance of his intention, involved independent actions establishing the elements of each crime. The nearby parking of the panel truck, his presence on the property and intent to steal from the house consti-

tuted sufficient evidence to sustain a conviction for attempted petit larceny. With the breaking and attempted entrance into the house, the separate elements of attempted second-degree burglary have also been established.

Irby v. United States, supra, supports the imposition of consecutive sentences. The rule of lenity must be applied only if it is clear from the record, taking into account the evidence and the findings of the trial judge, that the actions and intent of appellant constituted two phases of a single transaction rather than distinct successive criminal episodes. United States v. Lewis, U.S.App.D.C. (Nos. 23,167 and 23,-764 decided October 19, 1970); Smith v. United States, 135 U.S.App.D.C. 284, 418 F.2d 1120 (1969).[1] Hence while appellant may have acted in accordance with a single scheme, his actions did not constitute two phases of the same transaction. The complexity of his plan involved independent acts and independent objectives, aimed at the violation of distinctly different societal interests. Attempted second-degree burglary and attempted petit larceny are two distinct crimes offending different societal interests and, where simultaneous but independent acts are committed in their perpetration, the crimes may be punished consecutively.

We are of the opinion that the record before the trial court disclosed no evidence to establish substantial doubt as to congressional intent for cumulative punishment in this case and that the trial court, therefore, properly disregarded the applicability of the rule of lenity and imposed valid terms of punishment to run *consecutively* upon convictions for attempted second-degree burglary *and* attempted petit larceny.

Accordingly, the judgments of all three convictions for *attempted* second-degree burglary, for destroying property and for *attempted* petit larceny *and* the sentences of six months imposed to run consecutively on the charges of attempted second-degree burglary and of attempted petit larceny are hereby affirmed; and the case is hereby remanded to the trial court with direction to vacate and set aside the *consecutive* sentence for six months upon the charge of destroying property and to enter said six months to run *concurrently* with the sentence of six months given for conviction of attempted second-degree burglary.

It is so ordered.

HOOD, Chief Judge (dissenting):

I agree that there was ample evidence to sustain the conviction for attempted second-degree burglary and for destroying property, and I also agree that the sentences for those two offenses must run concurrently. But I cannot agree that the conviction for petit larceny must stand.

The conviction of attempted second-degree burglary and attempted petit larceny rests upon the same identical acts of appellant. For present purposes, the attempted second-degree burglary consisted of attempted breaking into a dwelling with intent to commit a criminal offense. The criminal offense intended must have been larceny, as I see no other reasonable inference. Attempted burglary with intent to commit larceny is nothing more than attempted larceny under aggravating circumstances in that entry into the dwelling was necessary in order to commit the larceny. A completed burglary is a much greater crime than a completed larceny. Burglary carries a sentence from 2 to 15 years; while petit larceny carries a sentence of only a fine of $200 or 1 year's imprisonment or both. Although our general attempt statute makes no distinction with respect to the nature of the crime attempted, I think we cannot ignore the fact that an attempted burglary with intent to commit larceny is a greater and more serious offense than a simple attempt to commit larceny. On the facts of this case it is

---

**I.** See also Weeks v. United States, D.C.App., 252 A.2d 907 (1969).

my opinion that the attempted burglary included the lesser offense of attempted petit larceny, and it was error to convict appellant of both offenses. Assuming I am wrong and the two convictions should stand, then it is my opinion that the rule of lenity requires that the sentences on the two convictions should run concurrently.