Vincent Maurice **WILSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5662.

District of Columbia Court of Appeals.

Argued May 26, 1971.

Decided June 11, 1971.

Everett J. Santos, appointed by this court, for appellant.

Leonard W. Belter, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and James A. Fitz-gerald, Asst. U. S. Atty., were on the brief, for appellee.

Before KERN, NEBEKER and PAIR, Associate Judges.

KERN, Associate Judge:

Appellant entered a plea of guilty to the charge of possessing heroin and was sentenced to six months imprisonment.[1] On appeal his challenge goes only to his sentence. He assails the fact that the trial court refused to request a report from the probation office before imposing sentence, but trial judges are not required in every case to obtain a presentence report. GS Crim.Rule 32(c) (1); Thomas v. United States, D.C.App., 229 A.2d 155 (1967). In the instant case, the colloquy between the court, counsel, and appellant appears to us to have developed a sufficient record upon which the court could properly impose sentence without calling for a presentence report.

One aspect of the sentencing proceeding does call for comment. The trial

---

1. The Government dropped the charge of carrying a dangerous weapon against appellant.

court before imposing sentence demanded that appellant reveal in open court the name of his drug supplier.[2] However much we may agree with the trial court's understandable concern over the present traffic in narcotics in the District of Columbia, we believe it is inappropriate for a judge in the act of sentencing to badger and threaten a defendant in open court to reveal information to the prosecutor.[3] Moreover, under our system of government the investigation and development of a criminal case is entrusted primarily to the executive branch and it is hardly likely that any defendant would be willing to trumpet publicly the information which the trial court here sought so avidly.

Appellant argues that the trial court imposed a sentence of imprisonment rather than granted probation solely to penalize him for his failure to name his supplier. While the trial court's words were threatening, we note that his ultimate sentence was in fact but one-half what he could have imposed for this particular offense[4] and that appellant had three prior convictions, including a narcotics felony for which he had received a five-year sentence. Miler v. United States, D.C.App., 255 A.2d 497 (1969), relied upon by appellant, is inapposite because there we held that requiring remorse from the defendant to avoid a heavier sentence was in effect forcing him to acknowledge guilt, thereby waiving his rights to appeal and to move for a new trial. Here, appellant has acknowledged his guilt. Given the circumstances outlined above appellant's challenge to his sentence cannot be upheld and the judgment is

Affirmed.

2. The transcript reads in pertinent part:
THE COURT: Do the police know who the man is you bought the stuff from?
Well, let's find out. What's his name?
OFFICER STRONG: He wouldn't give us any information sir.
THE COURT: That's why I've got him now. That's why I asked him the question.
MR. WILSON [appellant]: Well, I don't really know his name myself?
THE COURT: Oh, you don't know his name?
MR. WILSON: I know him.
THE COURT: How do you get ahold of him? How do you describe him? Are you willing to get in a police car and go out and ride around and point him out?
MR. WILSON: Well, does it pertain to the case?

THE COURT: No, you don't want to squeal on your friendly junk dealer, do you?
MR. WILSON: It's not that I don't want to squeal.
   *    *    *    *    *
THE COURT: It comes down to this in the ultimate: Unless I get the name of the man who supplied you so that I can give it to the police, you've got no chance of making probation with me; you're going right straight to jail for a good long stretch today. I want a name, and I want a description.

3. See ABA Canons of Judicial Ethics (Final Draft, July 1, 1969), Canon 21.

4. See D.C.Code 1967, § 33–423.