**James WILLIAMS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 6127.**

District of Columbia Court of Appeals.

Argued May 10, 1972.

Decided July 26, 1972.

William Scott Bradbury, appointed by this court, for appellant.

Robert E. L. Eaton, Jr., Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard L. Beizer, Asst. U. S. Attys., were on the brief, for appellee.

Before PAIR, REILLY and YEAGLEY Associate Judges.

PAIR, Associate Judge:

Found guilty of possession of narcotics [1] after a jury trial, appellant was sentenced to 180 days' straight time. Urging reversal, he contends that he was denied a fair trial by reason of the over-participation of the trial judge in the examination of witnesses and his unwarranted criticism of defense counsel in the presence of the jury. He contends also that the sentence of 180 days, while only one-half the statutory maximum, was imposed in violation of his constitutional rights and without the aid of a presentence report from the probation office. Appellant urges, in the alternative, that the sentence be vacated and the cause remanded for resentencing by a different judge.

■ We have examined carefully the record and conclude that, while there may have been over-participation by the trial judge in the examination of witnesses and perhaps some excessive zeal in the discharge of the judicial function, what was said and done was not in our opinion so prejudicial to appellant as to deny him a fair trial.[2]

A much more serious question is presented respecting the sentencing proceedings. Accordingly, we focus primarily upon the trial judge's conduct and the circumstances surrounding the imposition of sentence.

After the jury returned its verdict and prior to the imposition of sentence, the following transpired:

THE COURT: But I think you can understand, perhaps, that I might have a reasonable interest in knowing who is supplying you with the narcotics that you had, and that if I and the police knew that, and had enough of a lead and had a witness that would turn in the wholesaler (who is a much bigger criminal in my judgment than the user), it

---

1. D.C.Code 1967, § 33–402.

2. Unlike Williams v. United States, D.C. App., 228 A.2d 846, 847 (1967), the trial judge's actions did not "seem to favor one party against the other", nor was defense counsel criticized to an extent that appellant was prejudiced in his defense.

might possibly make a difference in the type of sentence that I imposed in respect to the user.

\* \* \* \* \* \*

I don't want to be accused again of threatening you in any way—I don't want you to look at it that way. But on the other hand, I would want to give you the opportunity to be as upstanding a citizen as you knew how, and reveal to the police the name of the person that supplied you with the packets of narcotics that the police found in your tennis shoe.

Well, I take it I can wait a long time, and I'll hear nothing. I've heard nothing while I've been sitting here for 45 seconds or so; this case, therefore, will not be sent to the probation office, and the defendant in this case will have to serve 180 days straight time.

What is particularly disturbing is that the trial judge, in imposing sentence, seems to have been influenced at least in part by the highly improper consideration of appellant's refusal to disclose the source of the narcotics he had been found guilty of possessing.

■ We may not, of course, review the alleged excessiveness of the sentence imposed since it was within the limits prescribed by statute. Foster v. United States, D.C.App., 290 A.2d 176 (1972); Stovall v. United States, D.C.App., 202 A. 2d 390, 391 (1964). *But see* Scott v. United States, 135 U.S.App.D.C. 377, 379, 419 F.2d 264, 266 (1969); Miler v. United States, D.C.App., 255 A.2d 497 (1969); Thomas v. United States, 368 F.2d 941 (5th Cir. 1966), where there were serious defects in the sentencing process.

In *Miler* this court, citing with approval Scott v. United States, *supra,* declared in language not susceptible to any misunderstanding that:

A trial judge may not penalize a defendant for not admitting guilt and expressing remorse once the jury has found him guilty. Such an admission might jeopardize his right of appeal or a motion for a new trial. Nor is it proper for the trial judge to impose a heavier sentence because he believes the defendant perjured himself in maintaining his innocence on the stand . . . . [255 A. 2d at 498.]

Involved in Thomas v. United States, *supra,* was a factual situation somewhat similar to that in the case at bar and we perceive no substantial difference between the sentencing procedure followed by the two trial judges. In *Thomas,* the defendant was invited to make a "clean breast" of his guilt,[3] and in the case at bar defendant (appellant) was invited to reveal the source of the narcotics he had been found guilty of possessing. But the price exacted in each case was the same—the abandonment of fifth amendment rights. Said the court in *Thomas:*

It must be remembered that, at the time of his allocution, Thomas had not been finally and irrevocably adjudged guilty. Still open to him were the processes of motion for new trial (including the opportunity to discover new evidence), appeal, petition for certiorari, and collateral attack. Indeed, appeal is now an integral part of the trial system for finally adjudicating the guilt or innocence of a defendant.

. . . Moreover, he would abandon the right guaranteed by the Fifth Amendment to choose not to be a witness against himself, not only as to the crime of which he had been convicted, but also as to the crime of perjury.

---

3. "If you will come clean and make a clean breast of this thing for once and for all, the Court will take that into account in the length of sentence to be imposed. If you persist, however, in your denial, as you did a moment ago, that you participated in this robbery, the Court also must take that into account. Now which will it be?" [368 F.2d at 944.]

. . . (Footnote omitted.) [368 F. 2d at 945.]

■ Of course, every thinking person would choose to have discovered, isolated and destroyed the source of the illicit drug traffic, but to this end fifth amendment rights may not be subordinated to the misplaced zeal of the trial judge.[4] The framers of the Constitution, in their wisdom, saw fit to confine the judiciary to judicial functions and to leave to the executive responsibility for the enforcement of the criminal laws.

The trial judge in this case apparently failed to grasp the constitutional import of what we said in Wilson v. United States, D.C.App., 278 A.2d 461 (1971), and Miler v. United States, supra, and simply ignored the teachings of Scott v. United States, supra, with the result that appellant was no doubt penalized for his refusal to abandon his fifth amendment rights. Cf. Gardner v. Broderick, 392 U.S. 273, 279, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968).

Appellant complains also of the trial judge's refusal to obtain a probation report. In Wilson v. United States, supra, we held that when there is in the record information sufficient to enable the trial judge to exercise meaningfully his discretion in imposing sentence, a presentence report is not required. See also Thomas v. United States, D.C.App., 229 A.2d 155 (1967). Here, there was in the record information respecting appellant's criminal background,[5] his employment status and family situation. The trial judge apparently did not believe appellant's representations concerning his employment. Because of the extremely tenuous basis for his doubt respecting appellant's credibility, the judge's refusal to obtain a presentence report is highly questionable, particularly in view of the reasons he assigned.[6]

■ What is demonstrated, therefore in this record, is not so much an abuse of discretion as a failure to exercise discretion in the sentencing process. Although the sentence imposed was only one-half the statutory maximum, the error in the sentencing process was so egregious as to require that the sentence be vacated.

■ Miler v. United States, supra; Scott v. United States, supra; and Thomas v. United States, supra (5th Cir.); seem to compel this result. We are constrained, however, to deny appellant's request that we remand for resentencing by another judge.

The conviction is affirmed.

The sentence is vacated.

The cause is remanded for resentencing, after further proceedings, not inconsistent with this opinion.

---

4. One concern of the trial judge as expressed at the allocution was that he not be known as the "fourth best friend that the drug pushers in town have got." With remarkable restraint, however, he chose not to identify the three who, in his opinion, had earned the dubious distinction of "best friends of the dope pushers."

5. Appellant's criminal record consisted of one disorderly conduct forfeiture in August 1970 and an arrest in the same year for presence in an illegal establishment that was "no-papered."

6. "Well, I take it I can wait a long time, and I'll hear nothing. I've heard nothing while I've been sitting here for 45 seconds or so; this case, therefore, will not be sent to the probation office, and the defendant in this case will have to serve 180 days straight time."